■ LEITH CONSTRUCTION Co., INC., Respondent, v BOARD OF EDUCATION OF THE CITY OF NEW YORK (JAMES MONROE H. S.), Appellant. (And Three Other Similar Actions.)—In four actions seeking damages for breach of contract, defendant appeals from four orders of the Supreme Court, Kings County, all dated November 1, 1978, which denied its motions for leave to serve amended answers alleging noncompliance with section 3813 of the Education Law, and to dismiss the complaints. Orders reversed, on the law, without costs or disbursements, those branches of the motions seeking dismissal of the complaints are granted, with leave to the plaintiff to serve amended complaints asserting compliance with section 3813 of the Education Law, within 20 days after service upon it of a copy of the order to be made hereon, together with notice of entry thereof. Those branches of the motions seeking leave to serve amended answers are denied as academic. We agree with the defendant, the Board of Education of the City of New York, that compliance with section 3813 of the Education Law is a condition precedent to commencement of the instant actions (see *H & J Floor Covering v Board of Educ.,* 66 AD2d 588), and as such should be pleaded and proved by the plaintiff. From the papers submitted in the instant actions, however, we are unable to determine whether the notice of claim requirements have in fact been complied with, and would therefore grant plaintiff the opportunity to serve amended complaints, asserting that the notices were time filed. The parties entered into a series of construction contracts for work to be performed in various public schools. In April, 1975 the defendant's board of review determined that the plaintiff was an "irresponsible bidder" because it had submitted fraudulent documents in connection with an unrelated proposal. On May 8, 1975, the acting director of defendant's office of maintenance and control wrote to plaintiff stating that the defendant was "arranging to terminate all your contracts" in view of the board of review determination, and directing plaintiff to perform no further work on the projects. The letter also included the following paragraph: "We, at the direction of the Executive Director, are instructing our Area Offices to close out all these jobs, pay your organization for the work you have done, and take a credit for the remaining work that is not completed. You are to contact the Area Offices at once and make arrangements to work with them in finalizing all these jobs with an appropriate credit." Negotiations between the parties ensued in an attempt to reach agreement on the amount which was due plaintiff for work already performed on the projects. No agreement was reached, however, with regard to some of the contracts, and in December, 1975, plaintiff filed four notices of claim with the defendant seeking damages for costs and lost profits. The instant actions were

subsequently commenced. In our opinion, the plaintiff's claims for contract damages did not accrue on May 8, 1975. The May 8 letter clearly indicated defendant's intention to terminate the contracts, but it also acknowledged that plaintiff would have to be paid for the work already performed. Until the defendant informed the plaintiff of the amount it intended to pay, the plaintiff's damages were not ascertainable, and the claim did not accrue (see *Matter of Board of Educ. [Wager Constr. Corp.]*, 37 NY2d 283). The precise time of accrual, which must have been subsequent to May 8, 1975, is not revealed by the papers submitted on the instant motions. Hopkins, J. P., Lazer, Margett and O'Connor, JJ., concur.