■ In the Matter of MICHAEL J. McCLELLAN, Respondent, v ALEXANDER CENTRAL SCHOOL BOARD OF EDUCATION et al., Appellants. [607 NYS2d 812] —Judgment unanimously reversed on the law without costs and petition dismissed. Memorandum: Petitioner was employed as a school bus mechanic with the Alexander Central School District from 1981 until his termination in February 1993. On January 11, 1993, petitioner falsified his time card to reflect that he had arrived at work at 6:00 A.M., rather than his actual arrival time at 6:20 A.M. Petitioner then asked his supervisor to sign his time card, stating that he forgot to punch in. On two occasions thereafter, petitioner lied to his supervisor about his arrival time on that day.

Following a disciplinary hearing held pursuant to a collective bargaining agreement, an independent Hearing Officer found petitioner guilty of falsifying his time card and lying to his supervisor and recommended his dismissal. Respondent, John E. Lutz, Superintendent of Schools, terminated petitioner on February 11, 1993. Petitioner's appeal to respondent School Board was denied after a hearing. Thereafter, petitioner commenced this CPLR article 78 proceeding, seeking reinstatement and "other and further relief as may be just and proper."

Because petitioner failed to file a notice of claim pursuant to Education Law § 3813 (1), Supreme Court should have dismissed his petition. The notice of claim required by Education Law § 3813 (1) is a statutory condition precedent to an action or proceeding against a school board *(Matter of Board of Educ. [Wager Constr. Corp.],* 37 NY2d 283, 289) except one to vindicate a public interest *(Union Free School Dist. v New York State Human Rights Appeal Bd.,* 35 NY2d 371, 380). Failure to comply with the provisions of section 3813 (1) mandates

dismissal of the petition *(see, Parochial Bus Sys. v Board of Educ.,* 60 NY2d 539, 547). We reject the contention that petitioner was not required to file a notice of claim because he sought only "equitable relief", i.e., reinstatement to his Civil Service position. In our view, petitioner's request for "other and further relief as may be just and proper", and Supreme Court's grant of back pay and benefits, in addition to reinstatement, indicated that petitioner sought not only his reinstatement as a vindication of a public interest, but also the vindication of his private rights to back pay and benefits; he is, therefore, not exempt from the requirements of Education Law § 3813 *(see, Spedding v Bowman,* 152 AD2d 971, 972; *Sephton v Board of Educ.,* 99 AD2d 509, *lv denied* 62 NY2d 605; *Todd v Board of Educ.,* 272 App Div 618, *affd* 297 NY 873).

We disagree with the contention that petitioner's memorandum of February 14, 1993 to the School District constituted a valid substitute for the notice of claim required by Education Law § 3813 (1). In order for a document to be a valid substitute for a notice of claim, "certain elements must be present including the 'nature of the claim, the time when, the place where and the manner in which the claim arose * * * and, where an action in contract is involved, the monetary demand and some explanation of its computation' " *(F & G Heating Co. v Board of Educ.,* 103 AD2d 791, 794, *lv dismissed* 64 NY2d 1109, quoting *Parochial Bus Sys. v Board of Educ.,* 60 NY2d 539, 547, *supra).* Because there was no notice of the monetary demand in the memorandum, that document did not constitute a valid substitute for a notice of claim.

Were we to reach the merits, we would reject the contention that the School Board, in determining petitioner's punishment, improperly relied upon past written and verbal reprimands in petitioner's personnel file. The determination of the appropriate sanction for an act of misconduct properly includes unfavorable material in an employee's personnel file, provided that the employee is informed of the adverse material "at a time sufficient to have permitted him an opportunity to furnish to the Board a written response" *(Bigelow v Board of Trustees,* 63 NY2d 470, 474). Petitioner was informed of the adverse material in his personnel file two weeks before he was terminated. Moreover, petitioner reviewed his file before his disciplinary hearing and raised no objection to that unfavorable material. Thus, we conclude that petitioner was afforded adequate notice of the adverse material in his person-

nel file at a time sufficient to have permitted him to respond *(cf., Bigelow v Board of Trustees, supra).*

In view of the fact that the parties' collective bargaining agreement specifically provided that falsifying time records constituted a "major violation" and was conduct that could subject an employee to termination, we conclude that the penalty of termination was neither an abuse of discretion nor " 'shocking to one's sense of fairness' " *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 233; *see, Matter of Lorenzo v Board of Educ.,* 104 AD2d 621; *Wallace v McElligott,* 249 App Div 753, *appeal dismissed* 273 NY 635).

In light of our determination, we need not consider the parties' other contentions. (Appeal from Judgment of Supreme Court, Genesee County, Wolf, Jr., J.—Article 78.) Present— Green, J. P., Pine, Lawton, Doerr and Boehm, JJ.