■ In the Matter of RICHARD TABER, Respondent, v SHERBURNE-EARLVILLE CENTRAL SCHOOL DISTRICT, Appellant, and CRAIG NOURSE, Respondent. [663 NYS2d 715] —Crew III, J. P. Appeal from a judgment of the Supreme Court (Ingraham, J.), entered October 7, 1996 in Chenango County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to, *inter alia*, reinstate him to his former teaching position with respondent Sherburne-Earlville Central School District.

In April 1995, respondent Sherburne-Earlville Central School District (hereinafter the District) voted to eliminate a teaching position in the tenure area of agriculture and petitioner, a tenured agriculture teacher, was notified that as the teacher with the least seniority in that area, his name would be placed upon the District's preferred eligible list in accordance with Education Law § 2510 (3). Shortly thereafter, the District opted to restore one half of this position and petitioner was notified that his name would be placed upon the preferred eligible list for that portion of his position that had been eliminated.

As a result of the District's action petitioner, who had taught

five courses during the 1994-1995 academic year (two agriculture courses and three sections of "Introduction to Occupations"), was assigned to teach one "Introduction to Occupations" course during the 1995-1996 academic year. Petitioner subsequently learned that respondent Craig Nourse, a probationary teacher in the technology area, was assigned the remaining two sections of "Introduction to Occupations" for that academic year.

Petitioner thereafter commenced this proceeding pursuant to CPLR article 78 seeking, *inter alia*, to compel the District to restore him to full-time status retroactive to the commencement of the 1995-1996 academic year, together with back pay and benefits. Supreme Court, finding the parties' pleadings and submissions to be lacking in clarity, ordered a hearing at which petitioner, the District's superintendent and the president of the District's teachers' association appeared and testified. After concluding that petitioner was not required to file a notice of claim, Supreme Court found that the District had failed to provide any justification for reassigning the courses formerly taught by petitioner to Nourse and, accordingly, granted the petition. This appeal by the District followed.

In our view, Supreme Court properly concluded that the District's actions lacked a rational basis. The testimony adduced at the hearing revealed that the District traditionally taught "Introduction to Occupations" as a 40-week course, with 20 weeks devoted to teaching two State-mandated modules and the remaining 20 weeks focusing upon either agriculture, business, home economics or technology, depending upon the individual teachers' backgrounds. It is undisputed that the course itself did not fall within a specific tenure area, and the District's superintendent testified that beginning with the 1996-1997 academic year, it was the District's intention to teach "Introduction to Occupations" as a 20-week generic course, with no particular emphasis upon any subject area.

Unlike *Matter of Chaney* (33 Ed Dept Rep 12), upon which the District relies, this is not a situation where two tenured teachers are competing with one another to teach a particular course. Rather, the dispute rests between two teachers—one tenured, one probationary—both of whom, it appears, are qualified to teach the course in question.[1] The District's superintendent testified that teachers were assigned courses based upon

---

1. According to petitioner, any occupational teacher is certified to teach this course either as a "stand alone" course, i.e., teaching only the generic State-mandated modules, or as a specialty course incorporating one of the aforementioned subjects.

their individual schedules and availability. In this regard, petitioner testified that he knew of no reason why the disputed course sections had not been assigned to him and there is nothing in the record to suggest that he was either unavailable or unqualified to teach the course in question. Indeed, the District's superintendent acknowledged that it was theoretically possible for petitioner to teach all of the "Introduction to Occupations" sections.[2] Thus, absent some showing that petitioner was not qualified to teach the course sections in question, or that administrative or economic needs compelled the District to reassign petitioner's courses to Nourse, we have no choice but to conclude that the District's actions lacked a rational basis.

The District's remaining contentions do not warrant extended discussion. Inasmuch as petitioner primarily sought to vindicate his private right to the salary and benefits lost as a result of the District's conduct, Supreme Court erred in concluding that no notice of claim pursuant to Education Law § 3813 (1) was required (*see, Matter of Jackson v Board of Educ.*, 194 AD2d 901, 903, *lv denied* 82 NY2d 657). This Court may, however, in the exercise of its discretion, authorize the issuance of a late notice of claim provided that the extension does not exceed the applicable Statute of Limitations period (*see,* Education Law § 3813 [2-a]). It appears that this proceeding was timely commenced and that petitioner promptly sought leave to file a late notice of claim. Thus, based upon consideration of the relevant statutory factors (*see, id.*), including the lack of substantial prejudice to the District, we see no reason to deny petitioner's application. Having already disposed of this matter on the merits, we will deem the petition previously filed to constitute petitioner's notice of claim (*cf., Matter of Deposit Cent. School Dist. v Public Empl. Relations Bd.*, 214 AD2d 288, 291-292, *lv dismissed, lv denied* 88 NY2d 866).

White, Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is modified, on the law, with costs to petitioner, by granting petitioner's application to file a late notice of claim and deeming the petition previously filed to constitute such notice, and, as so modified, affirmed.

---

2. With respect to the particular course sections taught by Nourse during the 1995-1996 academic year, the District's superintendent testified that although Nourse may have emphasized his specialty area of technology after completing the required 20-week modules, he essentially was teaching this course without focusing upon a particular subject area.