■ COMMISSIONERS OF THE STATE INSURANCE FUND, Respondent, v BOARD OF EDUCATION, ARLINGTON CENTRAL SCHOOL DISTRICT No. 1, Appellant. [753 NYS2d 845] —In an action to recover unpaid insurance premiums, the defendant appeals from so much of an order of the Supreme Court, Dutchess County

(Hillery, J.), dated January 31, 2002, as denied that branch of its motion which was to dismiss the cause of action arising from a retrospective premium adjustment of March 13, 2001.

Ordered that the order is modified, by adding a provision thereto deeming the complaint amended to include an allegation of compliance with Education Law § 3813 (1); as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

The record reveals that, on May 9, 2001, the plaintiff served the defendant Board of Education, Arlington Central School District No. 1 with a verified written notice of claim, which included a demand for payment of a retrospective premium adjustment billed on March 13, 2001. It is undisputed that the defendant did not pay or adjust the May 9, 2001, claim prior to the commencement of this action over 30 days later. Under these circumstances, the plaintiff's failure to allege in its complaint that it complied with Education Law § 3813 (1) by presenting the defendant with a notice of claim within three months after its claim for the premium billed on March 13, 2001, accrued, and that more than 30 days had elapsed since presentment without adjustment or payment of the claim, is a procedural defect which may be corrected by amendment of the pleading (*see Rushmore v Hempstead Police Dept.*, 211 AD2d 776; *Bravo v City of New York*, 122 AD2d 761; *Runyan v Board of Educ.*, 121 AD2d 708; *Leith Constr. Co. v Board of Educ. of City of N.Y.*, 75 AD2d 615; *Carthage Cent. School Dist. No. 1 v Reddick & Sons of Gouverneur*, 67 AD2d 808). Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was to dismiss the cause of action arising from the retrospective premium adjustment of March 13, 2001. Furthermore, we deem the complaint amended to allege the necessary compliance with Education Law § 3813 (1). Krausman, J.P., McGinity, Schmidt and Mastro, JJ., concur.