◼ CARL JACKER, Respondent, v COUNTY OF SUFFOLK et al., Appellants. [756 NYS2d 884] —In an action, inter alia, to recover

damages for assault, the defendants appeal from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), entered August 1, 2002, as granted their motion to dismiss the complaint without prejudice and permitted the plaintiff to recommence the action pursuant to CPLR 205 (a) upon compliance with General Municipal Law § 50-h.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff failed to appear for a General Municipal Law § 50-h examination demanded by the defendant County of Suffolk before he commenced this action (*see* General Municipal Law § 50-h [1], [2], [5]; *Andujar v New York City Hous. Auth.,* 226 AD2d 657 [1996]; *Schrader v Town of Orangetown,* 226 AD2d 620 [1996]; *Alouette Fashions v Consolidated Edison Co. of N.Y.,* 119 AD2d 481 [1986], *affd* 69 NY2d 787 [1987]). Although the statute of limitations had since expired, the Supreme Court granted the defendants' motion to dismiss the complaint without prejudice to service of a new complaint in accordance with CPLR 205 (a) after the plaintiff appeared for an examination in compliance with General Municipal Law § 50-h. Contrary to the defendants' contention, the Supreme Court properly granted the motion to dismiss the complaint without prejudice and permitted the plaintiff to recommence the action pursuant to CPLR 205 (a) (*see Secor v Town of Orangetown,* 250 AD2d 588 [1998]; *Andujar v New York City Hous. Auth., supra*; *Schrader v Town of Orangetown, supra*; *Alouette Fashions v Consolidated Edison Co. of N.Y., supra*).

The plaintiff's contention that the Supreme Court erred in dismissing the complaint has not been considered since he did not cross-appeal from the order (*see Hecht v City of New York,* 60 NY2d 57, 61 [1983]). Feuerstein, J.P., H. Miller, Townes and Mastro, JJ., concur.