(June 30, 2005)

■ PATRICIA A. McKUNE, as Administratrix of the Estate of ROBIN GILLARD, Deceased, Appellant, v CITY OF NEW YORK, Respondent. [799 NYS2d 25]—

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered July 28, 2004, which, to the extent appealed from, granted defendant's motion to dismiss the complaint for failure to comply with the notice of claim requirements of General Municipal Law §§ 50-e and 50-i, unanimously modified, on the law and the facts, without prejudice to plaintiff's commencement of a new action, pursuant to CPLR 205 (a), within six months after service on plaintiff of a copy of this order, with notice of entry, and otherwise affirmed, without costs.

Plaintiff, the administratrix of the estate of Robin Gillard, alleges that on either September 3 or September 4, 1999, Ms. Gillard was being transported on a Department of Correction bus

from the Brooklyn Criminal Court to Rikers Island when she began to exhibit signs of physical distress. Plaintiff maintains that Ms. Gillard was not provided medical treatment and, as a result, was found dead when the bus arrived at Rikers Island. The decedent left a minor child and died intestate.

Plaintiff, the decedent's sister, was initially appointed guardian ad litem for the child prior to seeking appointment as administratrix of the decedent's estate. Plaintiff claims that the entire process took almost two years, and that when she finally received her letters of administration on August 16, 2001, it was less than 30 days prior to the expiration of the two-year statute of limitations for a wrongful death claim.

In September 1999, plaintiff had moved by notice of petition for prefiling discovery in a contemplated action against the City of New York, and annexed thereto a notice of claim for conscious pain and suffering and wrongful death. The notice of claim did not contain a time or date when the alleged claim arose and was neither signed nor verified, nor served upon the City Comptroller.

In April 2001, plaintiff moved, as the "prospective administratrix of the Estate of Robin Gillard," for an order, inter alia, granting leave to file a late notice of claim. Annexed to the motion was a notice of claim, dated April 18, 2001, which was again not verified by the petitioner. Plaintiff also failed to serve this notice of claim upon the City Comptroller.

Plaintiff was appointed administratrix on August 16, 2001, and on August 21, 2001, she filed and served a summons and complaint asserting causes of action for conscious pain and suffering* and wrongful death, and also served upon the City Comptroller a notice of claim bearing the title "Amended Notice of Claim," which bore the date April 18, 2001, and contained a verification by plaintiff dated April 24, 2001. The City subsequently moved to dismiss the complaint since 30 days had not elapsed between the service of the notice of claim and the filing of the complaint, as required by General Municipal Law § 50-i.

The motion court granted the City's motion and held that plaintiff's notices of claim were "neither properly served, nor timely served, not in proper form, and served in such a manner as to deprive defendant of its thirty [30] day period to resolve [the] matter prior to a suit being commenced."

We agree that the notice of claim dated September 29, 1999 was unverified and neither properly served nor sufficiently

---

* The cause of action for conscious pain and suffering was voluntarily withdrawn by plaintiff.

specific, and that the first notice of claim dated April 18, 2001 was neither properly served nor verified (*see* General Municipal Law § 50-e [2], [3]; *Matter of Wertenberger v Village of Briarcliff Manor*, 175 AD2d 922 [1991]; *Jones v City of New York*, 300 AD2d 359 [2002]). We also agree with the motion court that since plaintiff failed to provide the City with the requisite 30-day window between the service of the properly executed and served notice of claim and the commencement of the action in August 2001, the complaint was properly dismissed (*see* General Municipal Law § 50-i [1]; *Alex-Mitchell: El v State of New York*, 2 AD3d 549, 551 [2003]). We note, however, that if plaintiff had allowed 30 days to elapse between the time she finally obtained her letters of administration and served the notice of claim, and the subsequent commencement of the action, her claim for wrongful death would have been rendered time-barred. We, therefore, deem the dismissal of plaintiff's complaint to be without prejudice, so that plaintiff may commence a new action, based on the same underlying transaction, within the time limit set forth in CPLR 205 (a). Concur—Buckley, P.J., Andrias, Nardelli, Gonzalez and Sweeny, JJ.