In the Matter of JONATHAN P. BRUNECZ, Respondent, v CITY OF DUNKIRK BOARD OF EDUCATION et al., Appellants. [804 NYS2d 203]—

Appeal from a judgment (denominated judgment and order) of the Supreme Court, Chautauqua County (John T. Ward, J.), entered December 1, 2004 in a proceeding pursuant to CPLR article 78. The judgment, inter alia, granted the petition.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by denying the petition in part, vacating the third decretal paragraph and directing respondents to award petitioner 51 days' pay and as modified the judgment is affirmed without costs.

Memorandum: Petitioner commenced this CPLR article 78 proceeding alleging that respondents violated sections 3012 (2), 3019-a and 3031 of the Education Law by failing to give him the requisite statutory notice before terminating his probationary period of employment as a teacher. Respondents moved to dismiss the petition, contending, inter alia, that petitioner failed to serve a notice of claim. Petitioner cross-moved for leave to

serve a late notice of claim. We conclude that Supreme Court properly denied the motion and cross motion, but we conclude that the court erred in granting the petition in its entirety, thereby awarding petitioner all of the relief sought.

Contrary to respondents' contention, "[a] notice of claim is not a condition precedent to a special proceeding pursuant to CPLR article 78 seeking enforcement of a 'clear specific legal duty' " (*Matter of Capone v Board of Educ. of Lafayette Cent. School Dist.*, 245 AD2d 1045, 1047-1048 [1997], quoting *Matter of Piaggone v Board of Educ., Floral Park-Bellrose Union Free School Dist.*, 92 AD2d 106, 108 [1983]). In this case, petitioner is seeking to enforce a legal right, i.e., his statutory right to notice under the Education Law. We therefore conclude that no notice of claim was required (*see Capone*, 245 AD2d at 1047-1048; *Matter of Cowan v Board of Educ. of Brentwood Union Free School Dist.*, 99 AD2d 831, 833; *Piaggone*, 92 AD2d at 108; *cf. Matter of Taber v Sherburne-Earlville Cent. School Dist.*, 244 AD2d 634, 636 [1997]; *Peek v Williamsville Bd. of Educ.*, 221 AD2d 919 [1995]; *Matter of McClellan v Alexander Cent. School Bd. of Educ.*, 201 AD2d 898, 898-899 [1994]). In any event, the petition, served within two months of respondents' determination, is "sufficient to comply with the time limits for a notice of claim" and may properly serve as the functional equivalent of a notice of claim (*Cowan*, 99 AD2d at 833; *see Matter of Saranac Lake Cent. School Dist. v New York State Div. of Human Rights*, 226 AD2d 794, 796 [1996], *lv denied* 88 NY2d 816 [1996]).

Contrary to the further contention of respondents, the court properly determined that they failed to comply with Education Law § 3012 (2) and § 3031. The letter sent to petitioner on July 2, 2003 did not notify him that the superintendent would recommend that he not be granted tenure or that he would be terminated. Rather, the letter merely stated that the superintendent would recommend that petitioner's probationary period be terminated. Inasmuch as a probationary period may be terminated either by an award or a denial of tenure, the letter was ambiguous and failed to give petitioner the notice required under those sections. We agree with respondents, however, that section 3019-a is inapplicable to this proceeding because the probationary period was not terminated "for reasons other than tenure denial" (*Matter of Tucker v Board of Educ., Community School Dist. No. 10*, 82 NY2d 274, 280 [1993]).

Finally, we agree with respondents that the court erred in awarding petitioner all of the relief sought, including tenure. "The failure of a superintendent to provide . . . notice of his [or her] intention not to recommend tenure within the timeframe

set forth in section 3012 (2) confers no right of tenure" upon petitioner (*Emma v Schenectady City School Dist.*, 28 F Supp 2d 711, 720 [1998], *affd* 199 F3d 1322 [1999]). "By analogy, this holding applies with equal force to the notification requirements set forth in section 3031 (a)" (*id.; see Matter of Rathbone v Board of Educ. of Hamilton Cent. School Dist.*, 47 AD2d 172, 175 [1975], *affd* 41 NY2d 825 [1977]). "The courts and the State Commissioner of Education . . . have consistently held that teachers are awarded one day's pay for each day the notice was late" (*Tucker*, 82 NY2d at 277-278; *see e.g. Matter of Thompson*, 40 Ed Dept Rep 550 [Decision No. 14,554]; *Matter of Fillie-Faboe*, 34 Ed Dept Rep 643 [Decision No. 13,438]; *Matter of Madden-Lynch*, 31 Ed Dept Rep 411 [Decision No. 12,683]). The notice under Education Law § 3012 (2) was 51 days late. That period encompasses the 22-day period during which the notice under section 3031 was late. Petitioner therefore is entitled to 51 days' pay. Respondents cite no authority to support their contention that petitioner is not entitled to any pay because he was not receiving pay in the summer. We therefore modify the judgment accordingly. Present—Kehoe, J.P., Martoche, Pine, Lawton and Hayes, JJ.