██ In the Matter of WENDY SUE SILVERNAIL, Appellant, v ENLARGED CITY SCHOOL DISTRICT OF MIDDLETOWN, Respondent. [836 NYS2d 286]—

In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Superintendent of the Enlarged City School District of Middletown dated March 21, 2005, which terminated the petitioner's employment as a probationary teacher, the petitioner appeals from (1) a judgment of the Supreme Court, Orange County (Rosenwasser, J.), dated June 27, 2005, which dismissed the proceeding on the ground that filing of a notice of claim was a condition precedent to commencement of the proceeding, and (2) an order of the same court

dated September 23, 2005, which denied her motion for leave to reargue. Motion by the respondent to dismiss the appeals. By decision and order on motion of this Court dated June 19, 2006, that branch of the motion which was to dismiss the appeal from the order on the ground that no appeal lies from an order denying a motion for leave to reargue, was held in abeyance and was referred to the Justices hearing the appeals for determination upon the argument or submission of the appeals.

Ordered that the branch of the motion which was to dismiss the appeal from the order is granted; and it is further,

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioner failed to serve a notice of claim as required by Education Law § 3813. Service of a notice of claim is a "condition precedent to bringing an action against a school district or a board of education" (*Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 547 [1983]) and was required here (*see Sangermano v Board of Coop. Educ. Servs. of Nassau County*, 290 AD2d 498 [2002]; *Bidnick v Johnson*, 253 AD2d 779, 780 [1998]; *Matter of Perlin v South Orangetown Cent. School Dist.*, 216 AD2d 397, 398-399 [1995]). Although the petition also seeks to compel the respondent to grant the petitioner tenure, it does not seek "judicial enforcement of a legal right derived through enactment of positive law" (*Matter of Sharpe v Sturm*, 28 AD3d 777, 779 [2006]), and therefore is not exempt from the notice of claim requirement (*id.*; *see Matter of Brunecz v City of Dunkirk Bd. of Educ.*, 23 AD3d 1126, 1126-1127 [2005]).

Under the circumstances of this case, the Supreme Court providently exercised its discretion in declining to permit the petitioner to cure the procedural defect of failing to serve her notice of claim prior to the commencement of this proceeding (*see generally Commissioners of State Ins. Fund v Board of Educ., Arlington Cent. School Dist. No. 1*, 301 AD2d 555, 555-556 [2003]; *Matter of Taber v Sherburne-Earlville Cent. School Dist.*, 244 AD2d 634, 636 [1997]; *Leith Constr. Co. v Board of Educ. of City of N.Y.*, 75 AD2d 615 [1980]; *see also Matter of Brunecz v City of Dunkirk Bd. of Educ., supra*). In light of the petitioner's failure to comply with the statutory requirement, the Supreme Court properly dismissed the petition. Miller, J.P., Florio, Dillon and Angiolillo, JJ., concur.