In the Matter of GOTTLIEB CONTRACTING, INC., Appellant, v CITY OF NEW YORK, Respondent. [858 NYS2d 87]—

Petitioner sought payment for electrical work under a 1984 contract with the City's Department of General Services (DOGS). The terms of the contract required that claims thereunder be brought within one year.

Release of the amounts purportedly due herein involves the exercise of a discretionary municipal function, not a ministerial one, requiring certification by the administering agency's engineer and approval from its commissioner. That being the case, mandamus relief is not appropriate (*see Matter of Hamptons Hosp. & Med. Ctr. v Moore*, 52 NY2d 88, 96 [1981]). Even had the claim been brought as a plenary action, it would have been untimely, thus rendering conversion under CPLR 103 (c) academic.

The work was substantially completed in July 1988. On October 25, 1989, DOGS rejected petitioner's application for partial payment for change order work. Petitioner filed a notice of claim in March 1992, seeking, inter alia, the balance due on the contract and change orders, but failed to pursue such claim.

This proceeding would have been untimely regardless of whether the statute of limitations had begun to run upon DOGS' rejection of the claim for partial payment in 1989 or upon the City's failure to pay on the notice of claim in March 1992, and regardless of whether the applicable period of limitation was one year under the contract or six years by statute.

Petitioner has offered no basis for tolling the statute of limitations or otherwise excusing its delay in commencing this action, alleging only that its file was misplaced for several years as a result of an office move in 1992. Its claim that the statute was tolled with regard to its entitlement to a retainage maintained in a custodial account, for which petitioner was billed annually by the City, is unpreserved, and in any event is unsupported by the record.

The nearly 17-year delay in advancing this claim since the substantial completion of the work has left respondent unable to confirm or refute the claim. DOGS no longer even exists, having merged with another agency in 1996, and petitioner has failed to establish compliance with the procedures required for issuance of final payment or release of the retainage. To the contrary, petitioner concedes that it refused to waive its claims against the City, a condition precedent to payment.

We have considered petitioner's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Williams, Buckley and Acosta, JJ. [*See* 2007 NY Slip Op 30014(U).]