■ JACK INZERILLO, Appellant, v TOWN OF HUNTINGTON et al., Respondents, et al., Defendants. [889 NYS2d 74]—

In an action to recover damages for personal injuries, the plaintiff appeals (1) from an order of the Supreme Court, Suffolk County (Weber, J.), dated July 23, 2008, which granted that branch of the motion of the defendants Town of Huntington and Frank Castellano which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them, with prejudice, for failure to comply with General Municipal Law § 50-i, and denied the plaintiff's cross motion for leave to amend the complaint, and (2), as limited by his brief, from so much of an order of the same court dated February 4, 2009, as, upon reargument of that branch of the motion which was to dismiss the complaint insofar as asserted against the defendants Town of Huntington and Frank Castellano, with prejudice, adhered to the determination that the dismissal be with prejudice.

Ordered that the appeal from so much of the order dated July 23, 2008, as granted that branch of the motion of the defendants Town of Huntington and Frank Castellano which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them, with prejudice, is dismissed, as that portion of the order was superseded by the order dated February 4, 2009, made upon reargument; and it is further,

Ordered that the order dated July 23, 2008 is affirmed insofar as reviewed; and it is further,

Ordered that the order dated February 4, 2009 is reversed insofar as appealed from, on the law, and, upon reargument, so much of the determination in the order dated July 23, 2008, as granted that branch of the motion of the defendants Town of Huntington and Frank Castellano which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them, with prejudice, for failure to comply with General Municipal Law § 50-i is vacated, and that branch of the motion is granted to the extent that the complaint shall be dismissed without prejudice to the plaintiff's commencement of a new action pursuant to CPLR 205 (a), within six months after service on the plaintiff of a copy of this decision and order, and that branch of the motion is otherwise denied; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The Supreme Court properly determined that the defendants

Town of Huntington and Frank Castellano (hereinafter together the Town defendants) were entitled to dismissal of the complaint insofar as asserted against them because the plaintiff failed to comply with General Municipal Law § 50-i, in that he commenced the action less than 30 days after service of his notice of claim. The court erred, however, in determining that the dismissal should be with prejudice. Inasmuch as the plaintiff served the notice of claim and amended notice of claim within 90 days after the claim arose, and commenced the action within the time prescribed by the statute of limitations, the action was timely commenced against the Town defendants within the meaning of CPLR 205 (a) (*cf. Smith v Scott,* 294 AD2d 11, 22 [2002]). Consequently, the dismissal should have been without prejudice to the plaintiff's commencement of a new action against the Town defendants pursuant to CPLR 205 (a) (*see Smith v Scott,* 294 AD2d at 22; *cf. Knotts v City of New York,* 6 AD3d 664 [2004]; *Jacker v County of Suffolk,* 304 AD2d 528 [2003]).

In light of its determination that the Town defendants were entitled to dismissal, with prejudice, because the plaintiff failed to comply with General Municipal Law § 50-i, the Supreme Court never decided those branches of the Town defendants' motion which were to dismiss the complaint insofar as asserted against them because the plaintiff failed to comply with General Municipal Law §§ 50-e and 50-h. Under the circumstances and in the interest of judicial economy, we address those branches of the motion (*see Express Shipping, Ltd. v Gold,* 63 AD3d 669, 671 [2009]), and determine that they are without merit.

The parties' remaining contentions are without merit. Rivera, J.P., Fisher, Belen and Austin, JJ., concur.