In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late of notice of claim and for leave to file a proposed summons and complaint, nunc pro tunc, the petitioner appeals from an order of the Supreme Court, Westchester County (Colabella, J.), entered June 19, 2009, which denied the petition.
Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the petition which was for leave to serve a late notice of claim; as so modified, the order is affirmed, with costs to the petitioner, and the matter is remit *681 ted to the Supreme Court, Westchester County, for a new determination on that branch of the petition.
In December 2007, while the petitioner was a patient at the respondent Westchester County Medical Center (hereinafter the Hospital), her fetus was stillborn. By verified petition dated March 2, 2009, the petitioner commenced this proceeding pursuant to General Municipal Law § 50-e (5) against, among others, the Hospital and Westchester County Health Care Corporation for leave to serve a late of notice of claim and for leave to file a proposed summons and complaint, nunc pro tunc. In her verified petition, the petitioner asserted that she had a reasonable excuse for failing to timely serve the notice of claim against the respondents. She argued that she mistakenly served a notice of claim upon Westchester County rather than on the Hospital because she believed that the County was responsible for the Hospital. In addition, the petitioner argued that there was no prejudice to the respondents, as they possessed the medical records which provided actual notice of the underlying incident. By order entered June 19, 2009, the Supreme Court denied that branch of the petition which was for leave to serve a late of notice of claim on the ground that it was “moot” because the petitioner could not commence the action while also giving the respondents the required 30-day period to respond to the notice of claim. Thus, the Supreme Court dismissed the entire petition. We modify.
At the outset, it should be noted that the respondents raised no contention before the Supreme Court, or on appeal, that the one year and 90-day statute of limitations period (see General Municipal Law § 50-i [1] [c]; Klein v City of Yonkers, 53 NY2d 1011, 1012 [1981]) had expired with respect to the causes of action contained in the proposed complaint. It should also be noted that, during the pendency of the petitioner’s proceeding for leave to serve a late notice of claim, CPLR 204 (a) serves to toll the running of the statute of limitations in the underlying action (see Giblin v Nassau County Med. Ctr., 61 NY2d 67, 74 [1984]; Cinqumani v County of Nassau, 28 AD3d 699, 701 [2006]; Matter of Blair v County of Ontario, 295 AD2d 933, 933 [2002]).
In the order appealed from, the Supreme Court properly denied that branch of the petition which was for leave to file the proposed summons and complaint, nunc pro tunc, because the proposed complaint could not accurately allege that the notice of claim was served at least 30 days prior to the commencement of the action, as required by General Municipal Law § 50-i (1). However, the Supreme Court improperly failed to determine, *682 on the merits, that branch of the petition which was for leave to serve a late notice of claim. That branch of the petition which was for leave to serve a late notice of claim was not rendered academic because, without leave of the court, the petitioner may still timely commence the action within the one year and 90-day limitations period. While the commencement of the action in this manner would run afoul of General Municipal Law § 50-i (l)’s requirement that the complaint accurately allege that the notice of claim was served at least 30-days prior to the commencement of the action, such failure to comply with the notice of claim pleading requirement is a procedural rather than jurisdictional defect (see Giblin v Nassau County Med. Ctr., 61 NY2d at 67; Commissioners of State Ins. Fund v Board ofEduc., Arlington Cent. School Dist. No. 1, 301 AD2d 555, 555-556 [2003]; cf. Finnerty v New York State Thruway Auth., 75 NY2d 721, 722-723 [1989]; Williams v State of New York, 38 AD3d 646, 646-647 [2007]). Thus, although the failure to comply with the pleading requirement would render the complaint subject to dismissal (see Inzerillo v Town of Huntington, 67 AD3d 736 [2009] [since the plaintiff commenced the action less than 30 days after service of his notice of claim, Town’s motion to dismiss complaint was properly granted, but the complaint should have been dismissed without prejudice]; McKune v City of New York, 19 AD3d 308 [2005] [since the plaintiff failed to provide City with the requisite 30-day window between service of notice of claim and commencement of the action, the complaint was properly dismissed, albeit without prejudice]), any such dismissal would be without prejudice to the petitioner’s commencement of a new action against the respondents within the time limit set forth in CPLR 205 (a) (see Inzerillo v Town of Huntington, 67 AD3d at 738; McKune v City of New York, 19 AD3d at 310; cf. Dreger v New York State Thruway Auth., 81 NY2d 721, 724 [1992]).
Accordingly, we remit the matter to the Supreme Court, Westchester County, for a new determination on that branch of the petition which was for leave to serve a late notice of claim. Skelos, J.P., Angiolillo, Dickerson and Leventhal, JJ., concur.