■ In the Matter of MAUREEN SHEIL, Respondent, v RANIER W. MELUCCI et al., Appellants. [941 NYS2d 265]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Education of the Merrick Union Free School District dated July 1, 2010, terminating the petitioner's employment, Ranier W. Melucci, Superintendent of Schools, Merrick Union Free School District, Board of Education of Merrick Union Free School District, and Merrick Union Free School District appeal from so much of an order of the Supreme Court, Nassau County (Sher, J.), entered May 2, 2011, as denied those branches of their motion which were pursuant to CPLR 3211 (a) (7) and 7804 (f) to dismiss the causes of action pursuant to CPLR 7803 (3) alleging that the determination was arbitrary and capricious and made in violation of Civil Service Law § 75-b.

Ordered that on the Court's own motion, the notice of appeal is deemed to be an application for leave to appeal, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motion which were pursuant to CPLR 3211 (a) (7) and 7804 (f) to dismiss the causes of action pursuant to CPLR 7803 (3) alleging that the determination was arbitrary and capricious and made in violation of Civil Service Law § 75-b are granted, without prejudice to the petitioner's commencement of a new proceeding in accordance with CPLR 205 (a) within six months after service upon her of a copy of this decision and order.

The petitioner was a probationary teacher's assistant in an

elementary school special-education class in the Merrick Union Free School District (hereinafter MUFSD). In 2009 the petitioner reported that another teacher's assistant had made comments that minimized the seriousness of alleged criminal conduct by a third teacher's assistant. After she reported those comments to the principal and assistant principal, the petitioner allegedly was subjected to retaliation. Her evaluations, which had been, for the most part, very positive, turned sharply negative. Although the petitioner defended herself, the Board of Education of the Merrick Union Free School District (hereinafter the Board of Education) terminated her employment in the summer of 2010.

On November 1, 2010, the petitioner served a notice of claim upon MUFSD and, on the same date, commenced this CPLR article 78 proceeding against Ranier W. Melucci, the Superintendent of Schools of MUFSD, the Board of Education, and MUFSD (hereinafter collectively the District), to review the determination and to recover back pay and benefits. The petitioner alleged that the termination was arbitrary and capricious, that it violated Civil Service Law § 75-b, and that it violated her rights under the First Amendment to the United States Constitution. The District moved to dismiss the petition pursuant to CPLR 3211 (a) (7) and 7804 (f) for failure to state a cause of action. The District asserted, among other things, that, in violation of Education Law § 3813 (1), the petitioner had not waited 30 days after serving her notice of claim before commencing the instant proceeding. The Supreme Court granted that branch of the District's motion which was to dismiss the cause of action alleging violation of the petitioner's First Amendment rights, but otherwise denied the motion. The District appeals from so much of the order as denied those branches of the motion which were to dismiss the remaining causes of action, and we reverse the order insofar as appealed from.

Education Law § 3813 (1) provides, in relevant part, that "[n]o action or special proceeding . . . involving the rights or interests of any district . . . shall be prosecuted or maintained against any school district . . . unless it shall appear by and as an allegation in the complaint or necessary moving papers that a written verified claim upon which such action or special proceeding is founded was presented to the governing body of said district or school within three months after the accrual of such claim, and that the officer or body having the power to adjust or pay said claim has neglected or refused to make an adjustment or payment thereof for thirty days after such presentment." These requirements do not apply when a litigant

seeks only equitable relief (*see Civil Serv. Empls. Assn., Inc. v Board of Educ. of City of Yonkers*, 87 AD3d 557, 557-558 [2011]; *Kahn v New York City Dept. of Educ.*, 79 AD3d 521, 522 [2010], *affd* 18 NY3d 457 [2012]; *Matter of Trehy v Commack Union Free School Dist.*, 93 AD2d 891 [1983], *revd on other grounds* 61 NY2d 658, 659 [1983]; *Ruocco v Doyle*, 38 AD2d 132, 133-134 [1972]; *cf. Matter of Yagan v Bernardi*, 256 AD2d 1225 [1998]). Here, it is undisputed that the petitioner's notice of claim was timely served upon MUFSD, but that she nonetheless served it on the same day as she commenced this CPLR article 78 proceeding. Therefore, she did not—and could not—allege in the petition that 30 days had elapsed since the service of the notice of claim without "adjustment or payment thereof" (Education Law § 3813 [1]). Since the petitioner seeks both equitable relief and recovery of damages, her failure to comply with the pleading requirements of Education Law § 3813 (1) requires that her petition be dismissed in its entirety (*see Perkins v City of New York*, 26 AD3d 483, 485 [2006]).

Nonetheless, inasmuch as the petitioner's notice of claim was otherwise timely, and the District has pointed to no inherent defect in the notice of claim, the dismissal is without prejudice to the commencement of a new proceeding within the time required by CPLR 205 (a) (*see Matter of Shannon v Westchester County Health Care Corp.*, 76 AD3d 680, 682 [2010]; *Inzerillo v Town of Huntington*, 67 AD3d 736, 738 [2009]; *McKune v City of New York*, 19 AD3d 308, 310 [2005]; *cf. Matter of Goldstein v New York State Urban Dev. Corp.*, 13 NY3d 511, 520 [2009]; *Carthage Cent. School Dist. No. 1 v Reddick & Sons of Gouverneur*, 67 AD2d 808, 810 [1979]).

In light of our determination, we need not address the parties' remaining contentions. Balkin, J.P., Belen, Hall and Miller, JJ., concur.