In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Education of the Roslyn Union Free School District dated September 15, 2011, which adopted the findings and recommendations of a Hearing Officer dated September 13, 2011, and terminated the petitioner’s employment as an account clerk effective September 16, 2011, the petitioner appeals from order and judgment (one paper) of the Supreme Court, Nassau County (Jaeger, J.), entered May 29, 2012, which granted that branch of the respondents’ motion which was to dismiss the petition based upon the petitioner’s failure to comply with the notice of claim requirements of Education Law § 3813 (1), and, in effect, dismissed the proceeding.
Ordered that the order and judgment is affirmed, with costs.
Contrary to the petitioner’s contention, the filing of a notice of claim within three months after her underlying claim arose was a condition precedent to the maintenance of this proceeding, in which she seeks both equitable relief and recovery of damages (see Education Law § 3813 [1]; Matter of Sheil v Melucci, 94 AD3d 766, 767 [2012]; Doyle v Board of Educ. of Deer Park Union Free School Dist., 230 AD2d 820 [1996]; Matter of McClellan v Alexander Cent. School Bd. of Educ., 201 AD2d 898, 899 [1994]). Moreover, the petitioner’s notice of claim dated August 9, 2011, seeking damages for unlawful discrimination, did not satisfy the statutory requirement of placing the school district on notice of her challenge to the determination of the respondent Board of Education of the Roslyn Union Free School District terminating her employment, which occurred subsequently on September 15, 2011 (see Varsity Tr., Inc. v Board of Educ. of City of N.Y., 5 NY3d 532 [2005]; Agostinello v Great Neck Union Free Sch. Dist., 102 AD3d 638, 639-640 [2013]). Accordingly, the Supreme Court properly granted that branch of the respondents’ motion which was to dismiss the petition based upon the petitioner’s failure to comply with the notice of claim requirements of Education Law § 3813 (1). Angiolillo, J.E, Chambers, Hall and Roman, JJ., concur.