■ In the Matter of ELIZABETH McGOVERN, Respondent, v MOUNT PLEASANT CENTRAL SCHOOL DISTRICT, Appellant. [980 NYS2d 522]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Education of the Mount Pleasant Central School District, denying the petitioner tenure and terminating her employment, the Mount Pleasant Central School District appeals, by permission, from an order of the Supreme Court, Westchester County (Lorenzo, J.), entered February 24, 2012, which directed that the petitioner be reinstated with back pay pending a hearing to determine whether she was denied tenure and terminated from her position as a probationary teacher in bad faith.

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Westchester County, for the entry of a judgment in favor of the appellant and against the petitioner, denying the petition and dismissing the proceeding.

At the end of the petitioner's three-year term of probationary employment as a high school teacher, the Board of Education of the Mount Pleasant Central School District (hereinafter the Board) denied the petitioner tenure, and terminated her employment. Thereafter, the petitioner commenced this CPLR article 78 proceeding seeking annulment of the Board's determination on the ground that it was arbitrary and capricious, and reinstatement with tenure and back pay. As one of its affirmative defenses, Mount Pleasant Central School District (hereinafter the appellant) alleged that the petitioner had failed to serve a notice of claim within three months after her claim arose as required by Education Law § 3813 (1). In an order entered February 24, 2012, the Supreme Court concluded that the petitioner was exempt from the notice of claim requirement, and directed that she be reinstated with back pay pending a hearing to determine whether she was denied tenure and terminated from her position as a probationary teacher in bad faith.

Contrary to the Supreme Court's conclusion, the petitioner was required, pursuant to Education Law § 3813 (1), to serve a notice of claim within three months after her claim arose. Although the notice of claim requirement does not apply when a litigant seeks only equitable relief (*see Matter of Sheil v Melucci*, 94 AD3d 766, 767-768 [2012]), or commences a proceeding to vindicate a public interest (*see Doyle v Board of Educ. of Deer Park Union Free School Dist.*, 230 AD2d 820 [1996]), here the

petitioner seeks damages in the form of back pay as well as equitable relief, and has not commenced this proceeding to vindicate a public interest. Moreover, while a litigant who seeks "judicial enforcement of a legal right derived through enactment of positive law" is exempt from the notice of claim requirement (*Matter of Sharpe v Sturm*, 28 AD3d 777, 779 [2006]), that exemption is inapplicable here (*see Matter of Silvernail v Enlarged City School Dist. of Middletown*, 40 AD3d 1004, 1005 [2007]). Accordingly, service of a notice of claim pursuant to Education Law § 3813 (1) was a condition precedent to the maintenance of this proceeding (*see Matter of Smith v Brenner*, 106 AD3d 1018 [2013]; *Matter of Sheil v Melucci*, 94 AD3d at 768; *Matrisciano v Board of Educ. of City School Dist. of City of Long Beach*, 263 AD2d 472 [1999]; *Matter of Stevens v Board of Educ. of McGraw Cent. School Dist.*, 261 AD2d 698, 699 [1999]; *Doyle v Board of Educ. of Deer Park Union Free School Dist.*, 230 AD2d 820 [1996]; *Matter of McClellan v Alexander Cent. School Bd. of Educ.*, 201 AD2d 898, 899 [1994]). Since it is undisputed that the petitioner failed to serve a notice of claim, the Supreme Court should have denied her petition, and dismissed the proceeding (*see Matter of Smith v Brenner*, 106 AD3d 1018 [2013]; *Matter of Sheil v Melucci*, 94 AD3d at 768).

In light of our determination, we need not reach the appellant's remaining contentions. Eng, P.J., Dillon, Sgroi and Miller, JJ., concur.