# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

835
CA 15-01999
PRESENT: PERADOTTO, J.P., CARNI, DEJOSEPH, NEMOYER, AND CURRAN, JJ.

---

IN THE MATTER OF ANNA V. LEWANDOWSKI,
PETITIONER-APPELLANT,

V                                    MEMORANDUM AND ORDER

CLYDE-SAVANNAH CENTRAL SCHOOL DISTRICT BOARD
OF EDUCATION, CLYDE-SAVANNAH CENTRAL SCHOOL
DISTRICT, THERESA L. PULOS, SUPERINTENDENT OF
SCHOOLS OF THE CLYDE-SAVANNAH CENTRAL SCHOOL
DISTRICT AND CRAIG PAWLAK, PRINCIPAL OF THE
CLYDE-SAVANNAH JUNIOR SENIOR HIGH SCHOOL,
RESPONDENTS-RESPONDENTS.

---

JEFFREY WICKS, PLLC, ROCHESTER (CHARLES D. STEINMAN OF COUNSEL), FOR
PETITIONER-APPELLANT.

HARTER SECREST & EMERY LLP, BUFFALO (AMY L. HEMENWAY OF COUNSEL), FOR
RESPONDENTS-RESPONDENTS.

---

Appeal from a judgment (denominated order and judgment) of the
Supreme Court, Wayne County (Dennis M. Kehoe, A.J.), entered February
27, 2015 in a proceeding pursuant to CPLR article 78.  The judgment
granted respondents' motion to dismiss the petition.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

Memorandum:  Petitioner commenced this CPLR article 78 proceeding
seeking annulment of respondent Clyde-Savannah Central School District
Board of Education's determination to discontinue her probationary
appointment on the grounds that it was arbitrary and capricious, and
an abuse of discretion.  Petitioner sought, inter alia, reinstatement
to her probationary teaching position with back pay.

We conclude that Supreme Court properly granted respondents'
motion to dismiss the petition on the ground that petitioner failed to
serve pursuant to Education Law § 3813 (1) a notice of claim within
three months after the claim arose.  Service of a notice of claim is a
"condition precedent to bringing an action against a school district
or a board of education" (*Parochial Bus Sys. v Board of Educ. of City
of N.Y.*, 60 NY2d 539, 547), and such service was required here.  We
conclude that petitioner has not commenced a special proceeding in the
nature of mandamus seeking to vindicate a judicially enforceable right
conferred on her by the law (*cf. Matter of Speis v Penfield Cent.*

*Schs.*, 114 AD3d 1181, 1183; *Matter of Brunecz v City of Dunkirk Bd. of Educ.*, 23 AD3d 1126, 1127; *Matter of Piaggone v Board of Educ., Floral Park-Bellrose Union Free Sch. Dist.*, 92 AD2d 106, 108).  Therefore, contrary to petitioner's contention, this case "is not exempt from the notice of claim requirement" (*Matter of Silvernail v Enlarged City Sch. Dist. of Middletown*, 40 AD3d 1004, 1005).

In light of our conclusion, we do not address petitioner's remaining contentions.

Entered:  October 7, 2016                    Frances E. Cafarell
                                             Clerk of the Court