Appeal from a judgment (denominated order and judgment) of the Supreme Court, Wayne County (Dennis M. Kehoe, A.J.), entered February 27, 2015 in a proceeding pursuant to CPLR article 78. The judgment granted respondents’ motion to dismiss the petition.
It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking annulment of respondent Clyde-Savannah Central School District Board of Education’s determination to discontinue her probationary appointment on the grounds that it was arbitrary and capricious, and an abuse of discretion. Petitioner sought, inter alia, reinstatement to her probationary teaching position with back pay.
We conclude that Supreme Court properly granted respondents’ motion to dismiss the petition on the ground that petitioner failed to serve pursuant to Education Law § 3813 (1) a notice of claim within three months after the claim arose. Service of a notice of claim is a “condition precedent to bringing an action against a school district or a board of education” (Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 547 [1983]), and such service was required here. We conclude that petitioner has not commenced a special proceeding in the nature of mandamus seeking to vindicate a judicially enforceable right conferred on her by the law (cf. Matter of Speis v Penfield Cent. Schs., 114 AD3d 1181, 1183 [2014]; Matter of Brunecz v City of Dunkirk Bd. of Educ., 23 AD3d 1126, 1127 [2005]; Matter of Piaggone v Board of Educ., Floral Park-Bellrose Union Free School Dist., 92 AD2d 106, 108 [1983]). Therefore, contrary to petitioner’s contention, this case “is not exempt from the notice of claim requirement” (Matter of Silvernail v Enlarged City School Dist. of Middletown, 40 AD3d 1004, 1005 [2007]).
In light of our conclusion, we do not address petitioner’s *1279 remaining contentions.
Present — Peradotto, J.P., Carni, DeJoseph, NeMoyer and Curran, JJ.