Matter of Intercontinental Constr. Contr., Inc. v New York City Hous. Auth. (2019 NY Slip Op 04478)





Matter of Intercontinental Constr. Contr., Inc. v New York City Hous. Auth.


2019 NY Slip Op 04478


Decided on June 6, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 6, 2019

Friedman, J.P., Tom, Kapnick, Kahn, JJ.


9559 101419/15

[*1]In re Intercontinental Construction Contracting, Inc., Petitioner-Appellant,
v
New York City Housing Authority, Respondent-Respondent.


Marco & Sitaras, PLLC, New York (George Sitaras of counsel), for appellant.
Kelly D. MacNeal, New York (Lauren L. Esposito of counsel), for respondent.



Judgment, Supreme Court, New York County (Shlomo S. Hagler, J.), entered July 14, 2017, denying the petition to annul respondent's determination, dated April 7, 2015, which declared petitioner in default under a contract with respondent and dismissed its breach of contract claims with prejudice, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Petitioner failed to submit a notice of claim before commencing this proceeding, as required by Public Housing Law § 157(1) (see Matter of Silvernail v Enlarged City School Dist. of Middletown, 40 AD3d 1004 [2d Dept 2007]). Petitioner seeks mandamus to review respondent's determination; it does not seek judicial enforcement of a legal right derived through enactment of positive law, but seeks to vindicate a private right (see id. at 1005; Matter of O'Connor v Board of Educ. of Greenburgh-Graham Union Free School Dist., 11 AD3d 616 [2d Dept 2004]; Matter of McGovern v Mount Pleasant Cent. Sch. Dist., 114 AD3d 795, 795-796 [2d Dept 2014], affd 25 NY3d 1051 [2015]; Matter of Lewandowski v Clyde-Savannah Cent. Sch. Dist. Bd. of Educ., 143 AD3d 1278 [4th Dept 2016]; see generally Matter of Flosar Realty LLC v New York City Hous. Auth., 127 AD3d 147, 155-156 [1st Dept 2015] [discussing applicability of notice of claim requirement to petition seeking judicial enforcement of legal right derived through enactment of positive law]).
Although petitioner alleged in the amended petition that it satisfied the requirements of Public Housing Law § 157(1), the article 78 court correctly determined that the letters referred to in the petition and attached thereto did not constitute notices of claim. The exhibits, which either were sent by respondent itself or were sent by petitioner before respondent declared it in default, did not provide sufficient notice of petitioner's claim in this article 78 proceeding.
The court also correctly dismissed petitioner's claims for contract damages with prejudice, as petitioner failed to submit a notice of claim as required by Section 23 of the parties'
contract (see Metropolitan Bridge & Scaffolds Corp. v New York City Hous. Auth., 138 AD3d 423 [1st Dept 2016]; Centennial El. Indus., Inc. v New York City Hous. Auth., 129 AD3d 449, 450 [1st Dept 2015]). The letters sent by petitioner were not delineated notices of claim, and did not state either the nature or the amount of the claims (see Hi-Tech Constr. & Mgt. Servs. Inc. v Housing Auth of the City of N.Y., 125 AD3d 542 [1st Dept 2015], lv denied 26 NY3d 908 [2015]). The letters were also sent by petitioner before the accrual date of at least two of the claims, rather than within 20 days after the claims arose (see Everest Gen. Contrs. v New York City Hous. Auth., 99 AD3d 479 [1st Dept 2012]).
Even had petitioner originally brought its breach of contract claims in a separate plenary action, the claims would be barred due to petitioner's failure to submit a proper notice of claim pursuant to Section 23 of the parties' contract, thus rendering academic the relief it seeks here, i.e., the dismissal of the contract claims without prejudice (see generally Matter of Gottlieb Contr., Inc. v City of New York, 49 AD3d 409 [1st Dept 2008]).
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 6, 2019
CLERK