■ In the Matter of the Arbitration between NEW YORK STATE INSPECTION, SECURITY AND LAW ENFORCEMENT EMPLOYEES, DISTRICT COUNCIL 82, AFSCME, AFL-CIO, on Behalf of Correction Officer GERALD SINACORE, Appellant, and DEPARTMENT OF CORRECTIONAL SERVICES OF THE STATE OF NEW YORK, Respondent. [620 NYS2d 609] —White, J. Appeal from a judgment of the Supreme Court (Hughes, J.), entered December 10, 1993 in Albany County, which, *inter alia,* denied petitioner's application pursuant to CPLR 7511 to modify an arbitration award.

Following his suspension from his position on March 25, 1993 without pay, Gerald Sinacore, a correction officer, was served with a notice of dismissal advising him that respondent was seeking his dismissal from service on the ground, *inter alia,* that he failed to maintain an attitude and posture of alertness while assigned to a guard post at Albany Medical Center in the City of Albany. Thereafter, Sinacore filed a grievance which was appealed to arbitration pursuant to the terms of the parties' collective bargaining agreement. The arbitrator sustained the charge. However, because he found that it had not been proven that Sinacore was asleep while on duty and in view of his nine years of exemplary service, the arbitrator concluded that dismissal was too severe a penalty. Instead, he imposed a lesser penalty upholding Sinacore's suspension for one week and directing that he be reinstated but transferred to a post at Greene Correctional Facility in Greene County and be barred, at respondent's discretion, from bidding on posts at Albany Medical Center.

Petitioner then made this application pursuant to CPLR 7511 seeking a judgment vacating that portion of the penalty transferring Sinacore to Greene Correctional Facility and barring him from bidding on jobs at Albany Medical Center.

Supreme Court denied petitioner's application and confirmed the award. Petitioner appeals.

We may not disturb the arbitrator's award unless it is violative of a strong public policy, is totally irrational or clearly exceeds a specifically enumerated limitation on his power (see, *Matter of Town of Callicoon [Civil Serv. Empls. Assn., Town of Callicoon Unit]*, 70 NY2d 907, 909; *Kleinman v Drexel Burnham Lambert*, 192 AD2d 512). In *Matter of State of New York (Dept. of Correctional Servs.) (Council 82, AFSCME)*, (176 AD2d 1009, *lv denied* 79 NY2d 756), we determined that the parties' agreement limits the arbitrator's discretion to determinations of guilt or innocence and the appropriateness of the penalty. The arbitrator's discretion was further limited by the agreement's language that he or she may " 'neither add to, subtract from nor modify' " its provisions, and thus we found that the arbitrator exceeded his authority by conferring a prospective benefit upon the employee (*supra,* at 1011).

In the instant case petitioner contends that the arbitrator exceeded these limitations because the aspect of the penalty under challenge adds to the agreement by imposing a penalty not specified in section 8.2 (a). Petitioner further contends that barring Sinacore from bidding on posts at Albany Medical Center improperly infringes on his seniority rights contained in article 24 of the agreement.*

Petitioner's argument that an arbitrator may only impose those penalties delineated in section 8.2 (a) of the collective bargaining agreement is misplaced. That provision, unlike Civil Service Law § 75 (3), does not purport to prescribe the range of authorized penalties. Rather, we view it as essentially a due process provision providing employees with the right to a notice of discipline whenever the employer seeks to impose the enumerated penalties. Moreover, petitioner's interpretation limiting the scope of the arbitrator's power does not conform to section 8.2 (i) of the agreement investing the arbitrator with the power to approve or disapprove a penalty or to *take any other appropriate action warranted under the circumstances.*

Even though the agreement provides that job assignments are to be made in accordance with seniority, the prohibition against bidding on jobs at Albany Medical Center does not

---

* We have not considered petitioner's argument predicated upon section 8.7 of the agreement since it was not raised before Supreme Court (*see, Agostino v Monticello Greenhouses,* 166 AD2d 471, 472).

infringe upon Sinacore's seniority rights. The reason is that the right to a job assignment is conditioned upon the employee's ability to perform the work involved. Clearly, the finding of guilt precludes Sinacore from satisfying this condition.

Accordingly, we affirm for, as Supreme Court noted, the arbitrator did not create any new contractual rights and the penalty is well within the arbitrator's power to impose under the authority to take any other appropriate action warranted under the circumstances.

Cardona, P. J., Mercure, Casey and Peters, JJ., concur. Ordered that the judgment is affirmed, without costs.