104 F.3d 354
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Gerald SINACORE, Plaintiff-Appellant,
v.
The DEPARTMENT OF CORRECTIONAL SERVICES, State of New York;
Greene Correctional Facility; Thomas Testo, Special
Assistant to the Commissioner for Labor Relations; Labor
Relations Representatives Michael Corcoran and Ann
Cunningham; Arthur A. Leonardo, Superintendent; and Melody
Eldred, Deputy Superintendent, Defendants-Appellees.
 No. 96-7241.
 United States Court of Appeals, Second Circuit.
 Nov. 19, 1996.
 
 APPEARING FOR APPELLANT: Gerald Sinacore, Pro Se, Valatie, NY
 APPEARING FOR APPELLEES:Belina Anderson, Assistant Attorney General, State of New York, New York, NY.
 N.D.N.Y.
 AFFIRMED.
 Before LUMBARD, OAKES and PARKER, Circuit Judges.
 
 SUMMARY ORDER
 
 1
 This cause came to be heard on the transcript of record from the United States District Court for the Northern District of New York and was argued by appellant pro se and by counsel for appellees.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby
 
 
 3
 AFFIRMED.
 
 
 4
 Pro se plaintiff Gerald Sinacore appeals from the order of the District Court dated November 18, 1995, dismissing his complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.
 
 
 5
 Sinacore began working for the New York State Department of Correctional Services ("D.O.C.S.") in 1983. In March 1989, while working at the Greene County Correctional Facility, Sinacore bid for and received an assignment at the Albany Medical Center ("A.M.C."). On March 23rd, he received a notice of discipline ("N.O.D.") for sleeping on duty at the A.M.C. A subsequent arbitration proceeding resulted in a consent award whereby Sinacore agreed to pay a fine and D.O.C.S. agreed to return the N.O.D. to Sinacore if he received no other N.O.D.s before April 1992. Sinacore recovered his N.O.D. on April 28, 1992.
 
 
 6
 In March 1993, Sinacore received a second N.O.D. for not being alert at his A.M.C. post. In violation of the 1989 consent award, this notice referred to the 1989 N.O.D. The second N.O.D. was amended to delete the improper reference. The arbitrator found Sinacore guilty of not being alert while on duty. Although improper oral reference to the 1989 N.O.D. was made at Sinacore's arbitration hearing, the arbitrator expressly stated that the oral reference had no bearing on his decision. The arbitrator ordered Sinacore suspended for one week and transferred him back to Greene County Correctional Facility. Sinacore's union filed numerous grievances contesting this decision; the state court affirmed the penalty. See In re New York State Inspection, Security and Law Enforcement Employees, District Council 82, ex rel. Sinacore, 210 A.D.2d 859, 620 N.Y.S.2d 609 (3d Dep't 1994), leave to appeal denied, 85 N.Y.2d 807 (1995).
 
 
 7
 Sinacore received a third N.O.D. for an incident that occurred on January 26, 1995, while Sinacore was working at the Greene Correctional Facility. Having learned that employees from two earlier shifts had received checks for wages that were withheld in 1991, Sinacore asked for his check. Sinacore became angry when he learned that he would have to wait for his check, and he told a supervisor that he would be "A.W.O.L." for his upcoming shift. Even though Sinacore received notice of his supervisor's direct order to remain at the facility, Sinacore refused to comply because he was not yet on duty. Sinacore received a N.O.D and a notice of suspension. At his arbitration hearing held in April 1995, Sinacore pled guilty to failure to obey a direct order. He received a nine-month suspension, retroactive to January 27, 1995.
 
 
 8
 As a result of these actions, Sinacore filed suit in federal district court (Thomas J. McAvoy, C.J.), alleging that defendants disciplined him in bad faith, denied him due process, breached the 1989 consent award, breached an agreement entitling employees to reimbursement for wages withheld in 1991, "[c]ommitted acts of harassment, bias, [and] unfair labor practice," violated various provisions of a collective bargaining agreement, and violated his Thirteenth and Fourteenth Amendment rights. Sinacore indicated that the basis of subject matter jurisdiction was federal question and that his cause of action was based upon 42 U.S.C. § 1983. The district court granted defendants' motion to dismiss the complaint under Rule 12(b)(1) for lack of subject matter jurisdiction.
 
 
 9
 We review de novo the legal conclusions supporting a dismissal for lack of subject matter jurisdiction. See In re Vogel Van & Storage, Inc. v. Navistar Financial Corp., 59 F.3d 9, 11 (2d Cir.1995).
 
 
 10
 To maintain a § 1983 action, a plaintiff must establish two elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States. See Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir.1994). For the reasons set forth by the district court, we agree that Sinacore has failed to establish a § 1983 claim as to deprivation of either his Thirteenth or Fourteenth Amendment rights. The only federal statute that might govern Sinacore's remaining claims is the Labor Management Relations Act, 29 U.S.C. §§ 160, 185(a). As the district court correctly noted, this Act specifically excludes states from its definition of "employer." 29 U.S.C. § 152(2). Moreover, once the district court dismissed the federal claims, it then had the discretion to decline jurisdiction over Sinacore's state law claims. See Cushing v. Moore, 970 F.2d 1103, 1106 (2d Cir.1992).
 
 
 11
 The district court dismissed Sinacore's federal claims pursuant to Rule 12(b)(1) on the ground that Sinacore's purported constitutional claims were so devoid of merit as to prohibit the court from exercising subject matter jurisdiction. In Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1187-89 (2d Cir.1996), we noted that "[w]hile distinguishing between a dismissal for lack of subject matter jurisdiction under Rule 12(b)(1) and a dismissal for failure to state a claim under Rule 12(b)(6) appears straightforward in theory, it is often much more difficult in practice." Id. at 1187. Therefore, whenever a claim alleges federal question jurisdiction, the general practice is for the court to assume that subject matter jurisdiction exists and then to review the merits of the claim pursuant to Rule 12(b)(6). See id. at 1188; Spencer v. Casavilla, 903 F.2d 171, 173 (2d Cir.1990). Because Sinacore's federal claims are devoid of merit, they should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted. See Nowak, 81 F.3d at 1188.
 
 
 12
 We affirm the judgment of the district court on this alternative ground.