◼ In the Matter of GERALD SINACORE, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 95937.) [716 NYS2d 412] —Crew III, J. Appeal from a judgment of the Court of Claims (King, J.), entered July 26, 1999, which granted the State's motion for summary judgment dismissing the claim.

In April 1989 claimant, a correction officer, was served with a notice of discipline charging him with sleeping while on duty. The matter proceeded to arbitration and, pursuant to the terms of the award upon settlement (hereinafter the consent award), the union and the employer agreed, *inter alia*, that a letter of reprimand would be placed in claimant's file. Additionally, insofar as is relevant to this appeal, it was agreed that the letter of reprimand and corresponding notice of discipline would be removed from claimant's file in April 1992 provided claimant was not found guilty of any further disciplinary violations during that time period. No further disciplinary action was taken against claimant during that time and, accordingly, the documents were removed from his file in April 1992.

Thereafter, in March 1993, claimant was served with a no-

tice of discipline charging him with "fail[ing] to maintain an attitude and posture of alertness" while on duty. Although reference to the April 1989 incident initially was made in the March 1993 notice of discipline and at the ensuing hearing, the arbitrator expressly stated that such prior incident had no bearing on his ultimate decision, which found claimant guilty of not being fully alert for a brief period of time while on duty in March 1993 and, as to penalty, directed, *inter alia*, that claimant be barred from bidding for certain posts in the future. Claimant's subsequent efforts to vacate the penalty portion of the award proved unsuccessful (*see, Matter of New York State Inspection, Sec. & Law Enforcement Empls. [Department of Correctional Servs.]*, 210 AD2d 859, *lv denied* 85 NY2d 807).

In January 1995, claimant again was subject to disciplinary action. Specifically, the notice of discipline charged claimant with, *inter alia*, refusing to obey a direct order and referenced the fact that claimant had been disciplined on two prior occasions. Claimant apparently pleaded guilty to certain of the charges and received a nine-month suspension.

Following dismissal of his Federal civil rights action in November 1995 by the District Court, which was thereafter affirmed by the Second Circuit (*see, Sinacore v Department of Correctional Servs.*, 104 F3d 354), claimant commenced the instant action in the Court of Claims in April 1997. An amended claim challenging the 1993 and 1995 notices of discipline, which, as noted previously, referenced the 1989 disciplinary incident, was filed in November 1998. The State answered and moved for summary judgment dismissing the claim contending, *inter alia*, that claimant had failed to state a cause of action. The Court of Claims granted the State's motion for summary judgment, prompting this appeal.

We affirm. The crux of claimant's argument on appeal is that the State breached the terms of the 1989 consent award when subsequent reference to that incident and/or the underlying notice of discipline was made during the course of the 1993 and 1995 disciplinary proceedings. Initially, we agree with the Court of Claims that the portion of the amended claim seeking to recover for the breach of the consent award that allegedly occurred during the 1993 disciplinary hearing was untimely (*see*, Court of Claims Act § 10 [4]) and, as such, was properly dismissed on that basis.

Turning to the 1995 disciplinary hearing, to the extent that the amended claim may be read as challenging the procedures adopted and evidence considered during the course of the hearing and, hence, as alleging a violation of the underlying collec-

tive bargaining agreement, we agree that the Court of Appeals' decision in *Matter of Board of Educ. v Ambach* (70 NY2d 501, *cert denied* 485 US 1034) precludes claimant from suing the State for any breach of such agreement. "As a general proposition, when an employer and a union enter into a collective bargaining agreement that creates a grievance procedure, an employee subject to the agreement may not sue the employer directly for breach of that agreement but must proceed, through the union, in accordance with the contract. Unless the contract provides otherwise, only when the union fails in its duty of fair representation can the employee go beyond the agreed procedure and litigate a contract issue directly against the employer" (*id.*, at 508 [citations omitted]). Having failed to allege that the union breached its duty of fair representation, claimant cannot proceed against the State for any procedural defects in the 1995 disciplinary hearing. To the extent that claimant asserts that the State breached an implied term of the 1989 consent award by referencing the 1989 disciplinary incident during the course of the 1995 disciplinary hearing, we find such claim to be, *inter alia*, lacking in merit.

Mercure, J. P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.