■ Albany Specialties, Inc., Appellant, v Shenendehowa Central School District, Respondent. [763 NYS2d 128] —Mugg-

lin, J. Appeal from an order of the Supreme Court (Ferradino, J.), entered September 4, 2002 in Saratoga County, which granted defendant's motion for summary judgment dismissing the complaint.

During plaintiff's performance of a multiyear contract to reconstruct the heating, ventilating and air-conditioning systems at one of defendant's school buildings, defendant notified plaintiff that it intended to back charge plaintiff a portion of unanticipated temporary heating costs allegedly caused by plaintiff's delay of the project. Disputing the back charge, plaintiff requested that the project architect render a decision in this matter. As a precaution, plaintiff filed a notice of claim on August 29, 1995, stating its belief that the monies would be withheld when payment became due. The architect did render a decision on September 19, 1995 which attributed the delay in installation of the heating system to plaintiff, but the record contains no evidence that plaintiff was so notified. Plaintiff continued to perform and, according to the contract, was entitled to receive final payment upon certification by the architect that the work was complete. Certification of completion by both defendant's engineer and architect occurred in March 1999.

After demanding final payment, plaintiff served a second notice of claim on June 9, 1999 and commenced this action on July 20, 1999, seeking payment of the full unpaid balance. Defendant paid the claim, minus the back charge for unanticipated temporary heating costs incurred in 1995. Thereafter, defendant moved for summary judgment dismissing the complaint as barred by the statute of limitations in Education Law § 3813 (1) and (2-b) and for failure to state a cause of action.* Supreme Court granted defendant's motion for summary judgment dismissing the complaint as barred by the one-year statute of limitations in Education Law § 3813 (2-b) based on its determination that plaintiff's cause of action accrued and the statute of limitations began to run in 1995 when the project architect expressed his opinion that plaintiff was responsible for the delay of construction.

We reverse. Education Law § 3813 (1) provides in part that if

---

* Defendant's argument that the complaint fails to state a cause of action is based on its assertion that plaintiff did not allege that a notice of claim was filed in a timely manner. Supreme Court did not address this issue and defendant has not argued it in its brief on appeal. We, therefore, deem the issue to have been abandoned (*see Gibeault v Home Ins. Co.*, 221 AD2d 826, 827 [1995]). In any event, this claim is belied by the language of the complaint and is meritless.

a claim is "for monies due arising out of contract, accrual of such claim shall be deemed to have occurred as of the date payment for the amount claimed was denied." A claim under Education Law § 3813 (1) is deemed to accrue when damages become ascertainable (see Matter of Bader v Board of Educ. of Lansingburgh Cent. School Dist., 216 AD2d 708, 708 [1995]; Eastern Envtl. Servs. of Northeast v Brunswick Cent. School Dist., 188 AD2d 777, 777 [1992]). In contrast, a cause of action accrues and the statute of limitations begins to run in contract actions from the time of the breach, which occurs when the plaintiff possesses a legal right to demand payment (see Matter of Prote Contr. Co. v Board of Educ. of City of N.Y., 198 AD2d 418, 420 [1993]). Thus, we have consistently recognized that a claim under Education Law § 3813 (1) may accrue at a different time than a breach of contract action may accrue (see Matter of Board of Educ. of Union-Endicott Cent. School Dist. v New York State Pub. Empl. Relations Bd., 250 AD2d 82, 85 [1998], lv denied 93 NY2d 805 [1999]; Matter of Bader v Board of Educ. of Lansingburgh Cent. School Dist., supra at 708). Under the circumstances of this case, the dispute regarding the back charge was unresolved until final payment had been demanded and refused. Accordingly, we find that plaintiff met all time requirements of Education Law § 3813 (1) and (2-b) and, thus, its action was timely commenced.

Cardona, P.J., Spain, Carpinello and Kane, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.