TOMPKINS-SENECA-TIOGA SCHOOLS HEALTH INSURANCE COOPERATIVE, Respondent-Appellant, v CANDOR CENTRAL SCHOOL DISTRICT, Appellant-Respondent. [844 NYS2d 470]—

Mugglin, J. Cross appeals from a judgment of the Supreme Court (Tait, J.), entered January 17, 2007 in Tioga County, which, among other things, denied defendant's motion to dismiss the complaint and partially granted plaintiff's cross motion to dismiss defendant's counterclaims.

Plaintiff is a municipal cooperative formed pursuant to General Municipal Law §§ 92-a and 119-o to administer a health insurance plan pursuant to an agreement with its member school districts. Defendant was the tenth (and last) school district to join plaintiff, and did so in 1993. In June 2003, defendant opted to withdraw from plaintiff. Because accrued claims might not be paid until after the withdrawal of a member, the cooperative agreement provided plaintiff with a two-year period to finalize the account of any withdrawing member. During the ensuing months, plaintiff's two demands for payment were met with defendant's request for additional information or documentation. Finally, plaintiff demanded payment of $44,321.29 by May 16, 2005 for health benefits provided to defendant's employees. When payment was not made, plaintiff served a notice of claim on June 9, 2005 and commenced this action in April 2006. The complaint pleads three causes of action, one for breach of contract, one for money had and received, and one for unjust enrichment. Defendant answered, asserting 18 affirmative defenses, including 10 counterclaims. Defendant then moved for dismissal of the complaint for, among other grounds, failure to timely file a notice of claim. Plaintiff cross-moved for dismissal—on various grounds—of defendant's 10 counterclaims. Supreme Court denied defendant's motion to dismiss and granted plaintiff's cross motion only to the extent of dismissing the tenth counterclaim which asserted that because the cooperative agreement had expired, plaintiff received more from defendant than it paid in claims and expenses for defendant's employees, and the difference constituted a recoverable gift of public funds. Both parties appeal.

We begin by affirming that part of Supreme Court's order as denied defendant's motion to dismiss for failure to timely file a notice of claim. Education Law § 3813 (1) provides that no action shall survive against a school district unless "a written verified claim upon which such action . . . is founded was presented to the governing body of said district or school within three months after the accrual of such claim." Additionally, the statute provides that in any action arising out of contract, the claim accrues on the date payment was denied (*see* Education Law § 3813 [1]; *Matter of SBR Roofing v Richfield Springs Cent. School Dist.*, 303 AD2d 886, 887 [2003]). Given the exchange of correspondence between the parties in which defendant never denied payment, plaintiff's claim did not accrue until the expiration of the May 16, 2005 time limit (*see City of New York v State of New York*, 40 NY2d 659, 668 [1976]; *Albany Specialties v Shenendehowa Cent. School Dist.*, 307 AD2d 514, 516 [2003]). Since the notice of claim was filed within 90 days of the

constructive denial of payment, Supreme Court properly concluded that the notice of claim was timely and properly filed with defendant.

Next, there is no merit to defendant's contention that the unjust enrichment and money had and received causes of action in the complaint are barred because only a breach of contract cause of action was described in the notice of claim. The purpose of a notice of claim is to alert a defendant so that a proper investigation may be undertaken. While time limitations must be strictly observed, substantial compliance with the statute with respect to the contents of the notice is sufficient (*see Matter of Deposit Cent. School Dist. v Public Empl. Relations Bd.*, 214 AD2d 288, 292 [1995], *lv dismissed and denied* 88 NY2d 866 [1996]). Here, since it is undisputed that defendant had notice of the essential facts underlying the claims, it had notice of any causes of action which could be based upon those facts. Although the complaint alleges different causes of action, each seeks the same damages on the same set of facts and the notice of claim served its purpose (*see Carhart v Village of Hamilton*, 190 AD2d 973 [1993]).

In its cross motion, plaintiff sought dismissal of all counterclaims asserted by defendant in its answer. Counterclaims numbered 1, 2, 5 and 6 are all premised upon defendant's belief that the 1993 agreement had a statutorily prescribed maximum life of five years and expired by operation of law in 1998. This argument is without merit. As of September 4, 1996, General Municipal Law § 119-*o* (2) (j) was amended to provide, in relevant part, that "[t]he duration of an agreement hereinafter entered into . . . may extend up to a maximum term of five years." Clearly, the durational limitation embodied in the statute applies only to agreements entered into after September 4, 1996 and has no application to agreements in existence on the effective date of the amendment. Accordingly, we conclude that these four counterclaims fail to state a cause of action and they should be dismissed.

With respect to counterclaims 3 and 4 based on Insurance Law § 4705 (f) and § 4706 (g), contrary to plaintiff's argument, these provisions are applicable to the municipal corporation agreement herein. Nevertheless, it is clear that these counterclaims are barred by defendant's failure to timely file and serve a notice of claim as required under Education Law § 3813. We are unpersuaded by defendant's appellate argument that Education Law § 3813 does not require that a notice of claim be served on a cooperative entity such as plaintiff. Any claim against plaintiff is, in reality, a claim against its individual members, all

of whom enjoy the protection of the statute. Plaintiff is an extension of its members and enjoys the same statutory protection (*see e.g. Rice v Cayuga-Onondaga Healthcare Plan*, 190 AD2d 330, 333 [1993]).* Since these claims accrued no later than the date that defendant withdrew from the agreement, it had 90 days thereafter to file a notice of claim. Since its notice of claim was not filed until June 1, 2006, it is untimely. The same rationale is applicable to counterclaims 7, 8, 9 and 10.

Cardona, P.J., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as partially denied plaintiff's cross motion to dismiss defendant's counterclaims; cross motion granted in its entirety and all counterclaims dismissed; and, as so modified, affirmed.

---

* While the defendant in *Rice* was a self-insurance plan and plaintiff is not, the distinction is irrelevant to the Education Law § 3813 analysis.