In the Matter of GINGER CUMMINGS, Appellant, v BOARD OF EDUCATION OF THE SHARON SPRINGS CENTRAL SCHOOL DISTRICT, Respondent. [874 NYS2d 614]—

Cardona, P.J. Appeal from a judgment of the Supreme Court (McNamara, J.), entered December 14, 2007 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition.

Petitioner, employed by respondent as a bus driver since September 2003, received a letter dated May 7, 2007, informing her that she was placed on administrative leave because of a complaint regarding "certain off duty conduct." On May 23,

2007, petitioner was notified that her employment was terminated on the basis that, while off duty, she purportedly created and transmitted a false e-mail document to respondent. Thereafter, on August 21, 2007, petitioner's counsel sent a certified letter notifying respondent that petitioner intended to bring a proceeding contesting her termination as being, among other things, without "just cause."

In September 2007, petitioner commenced this CPLR article 78 proceeding challenging her termination and seeking, among other things, reinstatement of her employment. Respondent moved to dismiss the petition on various grounds, including allegations that petitioner failed to timely serve upon respondent a verified notice of claim pursuant to Education Law § 3813 (1) and failed to exhaust her administrative remedies via the grievance procedures set out in the collective bargaining agreement (hereinafter CBA). Without reaching the other issues advanced by respondent, Supreme Court held that petitioner failed to timely serve a *verified* notice of claim and dismissed the proceeding, prompting this appeal.

Initially, we agree with petitioner's contention that the letter sent by her counsel to respondent satisfied the notice of claim condition precedent to suit set forth in Education Law § 3813. Substantial compliance with the notice requirement of Education Law § 3813 has been held to be sufficient, even in the absence of verification as set forth in the statute, so long as the purported notice "contain[s] a sufficient degree of descriptive detail and was adequately served upon the [respondent]" (*Pope v Hempstead Union Free School Dist. Bd. of Educ.*, 194 AD2d 654, 656 [1993], *lv denied* 82 NY2d 846 [1993]; *see Matter of Deposit Cent. School Dist. v Public Empl. Relations Bd.*, 214 AD2d 288, 292 [1995], *lv denied* 88 NY2d 866 [1996]). Here, the letter sent by petitioner's counsel to respondent recites, among other things, the details of the claim, the reasons she was disputing her termination and her intent to pursue litigation in the event the matter was not resolved in her favor (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 547 [1983]). In our view, this communication constituted sufficient notice to respondent for purposes of Education Law § 3813.

Next, while we agree with petitioner as to the sufficiency of the notice of claim, we, nevertheless, conclude that the proceeding was properly dismissed on the alternative ground that petitioner failed to exhaust her administrative remedies by making use of the grievance procedures set forth in the CBA. Generally, "when an employer and a union enter into a collective bargaining agreement that creates a grievance procedure, an

employee subject to the agreement may not sue the employer directly for breach of that agreement but must proceed, through the union, in accordance with the contract" (*Matter of Board of Educ., Commack Union Free School Dist. v Ambach*, 70 NY2d 501, 508 [1987], *cert denied* 485 US 1034 [1988]; *see Matter of Sinacore v State of New York*, 277 AD2d 675, 677 [2000], *lv denied* 96 NY2d 706 [2001]). While in certain situations an employee may directly litigate an allegation that "the union fail[ed] in its duty of fair representation" (*Matter of Board of Educ., Commack Union Free School Dist. v Ambach*, 70 NY2d at 508), that is not the basis of petitioner's claim herein. Instead, regardless of the phrasing employed by petitioner in asserting her claims, the substance of her petition is that she was terminated without "just cause." In that regard, we note that the CBA in place between respondent and the organization representing petitioner specifically states that no permanent employee "may be disciplined without just cause" and sets forth a detailed, four-step grievance procedure for resolving disputes. Given petitioner's failure to pursue that process and, in the absence of factors establishing an exception to the requirement of exhaustion of administrative remedies (*see Matter of Amorosano-LePore v Grant*, 56 AD3d 663 [2008]), dismissal of the proceeding was appropriate.

Petitioner's remaining arguments have been examined and found to be unpersuasive.

Rose, Kane and Stein, JJ., concur. Ordered that the judgment is affirmed, without costs.