=================================================================
This memorandum is uncorrected and subject to revision before
publication in the New York Reports.
-----------------------------------------------------------------
No. 74
In the Matter of Elizabeth
McGovern,
            Appellant,
        v.
Mount Pleasant Central School
District,
            Respondent.


        Jason M. Wolf, for appellant.
        Emily J. Lucas, for respondent.


MEMORANDUM:

        The order of the Appellate Division should be affirmed,

with costs.

        Petitioner Elizabeth McGovern was employed as a teacher

by respondent Mount Pleasant Central School District, commencing

September 1, 2008.  On June 30, 2011, before the end of her

- 1 -

three-year probationary period, the District terminated McGovern's employment, based on the Superintendent of Schools' recommendation not to grant her tenure. McGovern brought this CPLR article 78 proceeding seeking annulment of the District's determination, reinstatement with tenure and back pay. In its answer to the petition, the District asserted as an affirmative defense that McGovern had not served a timely notice of claim as required by Education Law § 3813 (1). McGovern's sole argument in opposition to the affirmative defense was that a "[n]otice of [c]laim is not a condition precedent to a special proceeding properly brought pursuant to CPLR [a]rticle 78 seeking judicial enforcement of a legal right derived through enactment of positive law." Supreme Court agreed and directed that McGovern be reinstated with back pay pending a hearing to determine whether she was denied tenure and terminated from her probationary employment in bad faith.

On the District's appeal, the Appellate Division reversed and remitted the matter to Supreme Court for entry of a judgment denying the petition and dismissing the proceeding (114 AD3d 795 [2d Dept 2014]). The court ruled that the positive-law exemption on which McGovern relied was not relevant to the situation of a probationary teacher seeking to compel a school district to grant tenure. The Appellate Division also expressed its view that section 3813 (1) does not apply when a litigant seeks only equitable relief, but observed that McGovern asked for

damages in the form of back pay in addition to an equitable
remedy, and brought her lawsuit to advance a private right rather
than vindicate a public interest.  We granted McGovern leave to
appeal (23 NY3d 903 [2014]), and now affirm.

On appeal to us, McGovern contends that she is exempt
from section 3813 (1)'s notice-of-claim requirement for two
reasons: the monetary damages that she demands are merely
incidental to her primary claim for equitable relief; and/or she
seeks to enforce tenure rights by estoppel.[1]  Even if the
Appellate Division may have considered one or both of these
arguments, McGovern did not raise them at Supreme Court;
therefore, they are unpreserved for our review (see generally
Brown v City of New York, 60 NY2d 893, 894 [1983]).  Although the
District only asserts a lack of preservation with respect to the
second argument, we determine independently whether an issue is
properly before us (see Halloran v Virginia Chems., 41 NY2d 386,
393 [1977]).

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

Order affirmed, with costs, in a memorandum.  Chief Judge Lippman
and Judges Read, Pigott, Rivera, Abdus-Salaam, Stein and Fahey
concur.

Decided June 4, 2015

---

[1] McGovern does not contest the propriety of the Appellate
Division's ruling on the positive-law exception.