■ In the Matter of Lucky Idolor, Appellant, v Board of Cooperative Educational Services of Nassau County, Respondent. [20 NYS3d 905]—In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Cooperative Educational Services of Nassau County dated October 30, 2013, which adopted the findings of a Hearing Officer dated October 6, 2013, made after a hearing, that the petitioner was guilty of misconduct and insubordination, and terminated his employment, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (McCormack, J.), entered July 3, 2014, which granted that branch of the respondent's motion which was to dismiss the proceeding based upon the petitioner's failure to comply with the notice of claim requirements of Education Law § 3813 (1), denied the petition and, in effect, dismissed the proceeding.

Ordered that the order and judgment is affirmed, with costs.

Contrary to the petitioner's contention, the filing of a notice of claim within three months after his claim arose was a condition precedent to the maintenance of this proceeding, in which he seeks both equitable relief and recovery of damages (*see* Education Law § 3813 [1]; *Matter of McGovern v Mount Pleasant Cent. Sch. Dist.*, 114 AD3d 795, 795-796 [2014], *affd* 25 NY3d 1051 [2015]; *Matter of Smith v Brenner*, 106 AD3d 1018, 1018 [2013]; *Matter of Sheil v Melucci*, 94 AD3d 766, 767-768 [2012]). Accordingly, since the petitioner did not file a timely notice of claim, the Supreme Court properly granted that branch of the respondent's motion which was to dismiss the proceeding (*see* Education Law § 3813 [1]). Rivera, J.P., Chambers, Sgroi and LaSalle, JJ., concur.