State of New York
Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered:    November 3, 2016                    522616
_____

LISA KYER, Individually and
   Doing Business as SCHOOL
   BUSINESS SERVICES,
                    Appellant,
        v                                MEMORANDUM AND ORDER

RAVENA-COEYMANS-SELKIRK
   CENTRAL SCHOOL DISTRICT,
                    Respondent.
_____

Calendar Date:   September 12, 2016

Before:  Egan Jr., J.P., Lynch, Devine, Clark and Mulvey, JJ.

_____

        Schiller, Knapp, Lefkowitz & Hertzel, LLP, Latham (James B.
Thomas of counsel), for appellant.

        Girvin & Ferlazzo, PC, Albany (Christopher P. Langlois of
counsel), for respondent.

_____

Mulvey, J.

        Appeal from an order of the Supreme Court (O'Connor, J.),
entered May 4, 2015 in Albany County, which, among other things,
granted defendant's motion to dismiss the complaint.

        On February 21, 2013, the parties entered into a contract
in which they agreed that plaintiff would research and review
defendant's financial and student records to determine whether
defendant could seek additional special education aid for the
2012-2013 and 2013-2014 school years.  In exchange for this
service, plaintiff was to receive a 15% contingent fee "of the
increased revenue resulting from [her] recommendations and

actions."  This contract was approved by defendant's Board of Education.

In a letter dated June 27, 2013, defendant informed plaintiff that it was "terminating the contract . . . effective June 30, 2013" because it determined that the information provided by plaintiff "was inaccurate and excessively overstated the true costs involved" and, as a result, it would not pay plaintiff for her services.  The next day, plaintiff submitted an invoice seeking payment in the amount of $29,635.04 for her services.  In response, defendant's Superintendent, Alan McCartney, wrote plaintiff a letter explaining that he was declining to authorize payment because the work had been performed by his staff and others.  Plaintiff responded by letter dated July 17, 2013, in which she asserted that for services rendered in connection with the 2012-2013 school year, the "total amount due" was $65,677.05.

On August 27, 2014, plaintiff commenced the instant action asserting breach of contract and account stated causes of action, as well as two causes of action sounding in tort, stemming from defendant's nonpayment.  Defendant then moved to dismiss plaintiff's complaint pursuant to CPLR 3211 (a) (1), (5) and (7).  Plaintiff opposed defendant's motion and cross-moved for summary judgment (see CPLR 3211 [c]; 3212) or, in the alternative, leave to amend her complaint and/or serve a late notice of claim pursuant to Education Law § 3813.  Supreme Court granted defendant's motion to dismiss, finding that plaintiff's causes of action sounding in tort failed to state a cause of action and her breach of contract and account stated causes of action were time-barred pursuant to Education Law § 3813.  The court then denied plaintiff's cross motion as moot.  Plaintiff appeals, and we affirm.

Turning first to plaintiff's causes of action sounding in tort, Supreme Court properly dismissed plaintiff's first and second causes of action sounding in tort, as "there is no cause of action for negligent performance of a contract" (Johnson City Cent. School Dist. v Fidelity & Deposit Co. of Md., 226 AD2d 990, 993 [1996]).  "It is a well-established principle that a simple breach of contract is not to be considered a tort unless a legal

duty independent of the contract itself has been violated.  This legal duty must spring from circumstances extraneous to, and not constituting elements of, the contract, although it may be connected with and dependent upon the contract" (Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 389 [1987] [citations omitted]; accord Maines Paper & Food Serv., Inc. v Pike Co., Inc., 137 AD3d 1366, 1369 [2016]).

Turning next to plaintiff's breach of contract claim, in support of its motion to dismiss, defendant submitted documentary evidence including the affidavit of the superintendent of schools, the contract, correspondence and plaintiff's invoices dated June 28, 2013 and July 16, 2013.  With respect to services rendered in connection with securing additional aid for the 2012-2013 school year, the documentary evidence shows that the parties had agreed that plaintiff would be paid 50% of her fee within 30 days of the additional aid appearing in the 2012-2013 output reports, and the remaining 50% on June 15, 2013.  As relevant here, Education Law § 3813 (2-b) provides that, "no action . . . shall be commenced against [a school district] more than one year after the cause of action arose" (see Matter of Amorosi v South Colonie Ind. Cent. School Dist., 34 AD3d 1073, 1073-1074 [2006], affd 9 NY3d 367 [2007]).  A breach of contract cause of action accrues and begins to run when the plaintiff possesses a legal right to demand payment (see Hahn Automotive Warehouse, Inc. v American Zurich Ins. Co., 18 NY3d 765, 770 [2012]; Kingsley Arms, Inc. v Copake-Taconic Hills Cent. School Dist., 9 AD3d 696, 698 [2004], lv dismissed 3 NY3d 767 [2004]; Albany Specialties v Shenendehowa Cent. School Dist., 307 AD2d 514, 516 [2003]), and not when a plaintiff actually bills a defendant (see Hahn Automotive Warehouse, Inc. v American Zurich Ins. Co., 18 NY3d at 771; see also Wendover Fin. Servs. v Ridgeway, 137 AD3d 1718, 1719 [2016]).  Accordingly, based on the documentary evidence, June 15, 2013 was the earliest date on which plaintiff could have exercised her legal right to request full payment for her services in securing additional aid for the 2012-2013 school year and, thus, this was the operative date (see generally Hahn Automotive Warehouse, Inc. v American Zurich Ins. Co., 18 NY3d at 771; Kingsley Arms, Inc. v Copake-Taconic Hills Cent. School Dist., 9 AD3d at 698).  Therefore, plaintiff had until June 15, 2014 to file her complaint.  As plaintiff's breach of contract

cause of action was filed on August 27, 2014, it is time-barred. The fact that plaintiff submitted invoices on later dates does not toll or extend the one-year statute of limitations (see Hahn Automotive Warehouse, Inc. v American Zurich Ins. Co., 18 NY3d at 771; see also Elie Intl., Inc. v Macy's W. Inc., 106 AD3d 442, 443 [2013]).

A cause of action for an account stated "accrues on the date of the last transaction in the account" (Elie Intl., Inc. v Macy's W. Inc., 106 AD3d at 443; see generally Joseph Gaier, P.C. v Iveli, 287 AD2d 375, 375 [2001]). Plaintiff wrote defendant a letter, dated July 17, 2013, in which she stated that she was enclosing a revised invoice that reflected "the total amount due" for the additional aid she secured for defendant's 2012-2013 school year. The revised invoice, dated July 16, 2013, sought payment from defendant in the amount of $65,677.05 for "Special Education Aid Claim," and this is the last transaction reflected in the invoice (see Elie Intl., Inc. v Macy's W. Inc., 106 AD3d at 443; Joseph Gaier, P.C. v Iveli, 287 AD2d at 375). As plaintiff did not commence this action until August 27, 2014, Supreme Court properly dismissed plaintiff's account stated cause of action as time-barred.

Plaintiff mistakenly argues that her cause of action began to run when she filed her notice of claim. Here, Education Law § 3813 (2-b) plainly states that "no action . . . shall be commenced against any [school district] more than one year after the cause of action arose," and there is no authority indicating that the statute of limitations begins to run when a plaintiff files a notice of claim, especially here, where accrual of a claim for purposes of the notice of claim is "deemed to have occurred as of the date payment for the amount claimed was denied" (Education Law § 3813 [1]; see generally Albany Specialties v Shenendehowa Cent. School Dist., 307 AD2d at 514-516).

We have reviewed plaintiff's remaining arguments and find that they lack merit.

Egan Jr., J.P., Lynch, Devine and Clark, JJ., concur.


ORDERED that the order is affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court