Matter of Fotopoulos v Board of Fire Commr. of the Hicksville Fire Dist. (2018 NY Slip Op 03128)





Matter of Fotopoulos v Board of Fire Commr. of the Hicksville Fire Dist.


2018 NY Slip Op 03128


Decided on May 2, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2015-03369
 (Index No. 9165/14)

[*1]In the Matter of Christopher Fotopoulos, appellant,
v
Board of Fire Commissioners of the Hicksville Fire District, et al., respondents.


Louis D. Stober, Jr., LLC, Garden City, NY (Albina Kataeva of counsel), for appellant.
Siler & Ingber, LLP, Mineola, NY (Jeffrey B. Siler of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Randy Sue Marber, J.), entered January 26, 2015. The judgment denied the petition, inter alia, to compel the respondents to reinstate the petitioner to his former positions with all of the benefits of his employment including back pay, and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
The petitioner was a volunteer firefighter with the respondent Hicksville Fire Department (hereinafter the Department) and a dispatcher employed by the respondent Hicksville Fire District (hereinafter the District), working under the direction of the respondent Board of Fire Commissioners of the Hicksville Fire District (hereinafter the Board) until he was allegedly forced to resign from both of these positions by coercion and duress. The petitioner attempted to withdraw his resignation, but was advised that the Department, the District, and the Board (hereinafter collectively the respondents) refused to accept the withdrawal of his resignation.
The petitioner thereafter commenced this CPLR article 78 proceeding seeking, inter alia, to compel the respondents to reinstate him to his former positions as a dispatcher and a volunteer firefighter with all of the benefits of his employment including back pay. The respondents opposed the petition, arguing, among other things, that the petition should be denied since the petitioner failed to file a notice of claim pursuant to General Municipal Law § 50-e. By judgment entered January 26, 2015, the Supreme Court denied the petition and dismissed the proceeding, determining, inter alia, that the petitioner's failure to file a notice of claim precluded the maintenance of this proceeding. The petitioner appeals.
In general, "[t]he service of a notice of claim is a condition precedent to the maintenance of an action against a public corporation to recover damages for a tortious or wrongful act" (Matter of Rattner v Planning Commn. of Vil. of Pleasantville, 156 AD2d 521, 525; see General Municipal Law § 50-e; Conklin v Town of Ramapo, 214 AD2d 639, 640). However, the notice of claim requirement does not apply when a litigant seeks only equitable relief (see Matter of Sheil v [*2]Melucci, 94 AD3d 766, 767-768; Civil Serv. Empls. Assn., Inc. v Board of Educ. of City of Yonkers, 87 AD3d 557, 558; Kahn v New York City Dept. of Educ., 79 AD3d 521, 522, affd 18 NY3d 457), or commences a proceeding to vindicate a public interest (see Doyle v Board of Educ. of Deer Park Union Free School Dist., 230 AD2d 820, 820). Moreover, a litigant who seeks "judicial enforcement of a legal right derived through enactment of positive law" is exempt from the notice of claim requirement (Matter of Sharpe v Sturm, 28 AD3d 777, 779; see Matter of Piaggone v Board of Educ., Floral Park-Bellrose Union Free School Dist., 92 AD2d 106, 108).
Here, since the petitioner seeks both equitable relief and the recovery of damages in the form of back pay, the filing of a notice of claim within 90 days after his claim arose was a condition precedent to the maintenance of this proceeding (see General Municipal Law § 50-e; Matter of Idolor v Board of Coop. Educ. Servs. of Nassau County, 134 AD3d 938; Matter of McGovern v Mount Pleasant Cent. Sch. Dist., 114 AD3d 795, 796, affd 25 NY3d 1051; Matter of Smith v Brenner, 106 AD3d 1018).
In light of our determination, the petitioner's remaining contentions need not be reached.
ROMAN, J.P., LASALLE, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court