Seifullah v City of New York (2018 NY Slip Op 03867)





Seifullah v City of New York


2018 NY Slip Op 03867


Decided on May 30, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 30, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
SANDRA L. SGROI
FRANCESCA E. CONNOLLY, JJ.


2017-02448
 (Index No. 509925/16)

[*1]Ann Seifullah, appellant, 
v
City of New York, et al., respondents.


Peter J. Gleason, P.C., Mahopac, NY, for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Claude S. Platton and Qian Julie Wang of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, for injunctive relief and to recover damages for discrimination in employment on the basis of gender in violation of the New York State Human Rights Law (Executive Law § 296), the plaintiff appeals from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated January 31, 2017. The order granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
Contrary to the plaintiff's contention, since her complaint seeks both equitable relief and the recovery of damages, the filing of a notice of claim within three months after her claim arose was a condition precedent to the maintenance of this action against the defendants Department of Education of the City of New York (hereinafter Department of Education) and Chancellor Carmen Fariña (see Education Law 3813[1]; Savvis v New York City Dept. of Educ., 142 AD3d 545, 546; Matter of Idolor v Board of Coop. Educ. Servs. of Nassau County, 134 AD3d 938, 938; Matter of McGovern v Mount Pleasant Cent. Sch. Dist., 114 AD3d 795, 795-796, affd 25 NY3d 1051). In contrast to General Municipal Law §§ 50-e(1) and 50-i(1), Education Law § 3813(1) broadly requires the filing of a notice of claim as a condition precedent to an "action . . . for any cause whatever," which includes the plaintiff's causes of action pursuant to the New York State Human Rights Law (see Executive Law § 296). Accordingly, the plaintiff's reliance upon Margerum v City of Buffalo (24 NY3d 721) is misplaced. Further, the plaintiff was not excused from the notice of claim requirement since her action does not seek to vindicate a public interest (see Mills v County of Monroe, 59 NY2d 307, 312), and does not seek judicial enforcement of a legal right derived through enactment of positive law (see Matter of Sharpe v Sturm, 28 AD3d 777, 778-779).
The Supreme Court improperly determined that the plaintiff was required to serve a notice of claim upon the defendant City of New York (see Margerum v City of Buffalo, 24 NY3d 721). Nonetheless, since this action relates to the plaintiff's employment with the Department of Education, the plaintiff failed to state a cause of action against the City, which is a legal entity distinct from the Department of Education (see New York City Charter § 521; Indar v City of New [*2]York, 71 AD3d 635, 637; see also Campbell v City of New York, 203 AD2d 504, 505).
Accordingly, we agree with the Supreme Court's determination to grant the defendants' motion to dismiss the complaint.
AUSTIN, J.P., ROMAN, SGROI and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court