New York Envtl. & Analytical Labs., Inc. v New York City Dept. of Educ. (2020 NY Slip Op 05143)





New York Envtl. & Analytical Labs., Inc. v New York City Dept. of Educ.


2020 NY Slip Op 05143


Decided on September 29, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 29, 2020

Index No. 650578/17 Appeal No. 11864 Case No. 2018-3438 

Before: Friedman, J.P., Mazzarelli, Kern, Kennedy, JJ. 


[*1]New York Environmental & Analytical Laboratories, Inc., Plaintiff-Appellant,
v
The New York City Department of Education, et al., Defendants-Respondents.


Gottesman, Wolgel, Flynn, Weinberg & Lee, P.C., New York (Steven Weinberg of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Julie Steiner of counsel), for respondents.



Judgment, Supreme Court, New York County (Verna L. Saunders, J.), entered July 23, 2018, dismissing the complaint, and bringing up for review the order, same court and Justice, entered July 3, 2018, which granted defendants' motion to dismiss, unanimously affirmed, without costs.
Claims for payment due under a contract accrue when the party making the claim "possesses a legal right to demand payment," not when the party actually makes the demand (see Hahn Automotive Warehouse, Inc. v American Zurich Ins. Co., 18 NY3d 765, 770 [2012]; Sotheby's, Inc. v Mao, 173 AD3d 72, 78 [1st Dept 2019], lv denied 34 NY3d 902 [2019]; Kyer v Ravena-Coeymans-Selkirk Cent. Sch. Dist., 144 AD3d 1260, 1262 [3d Dept 2016]). It is not disputed that the work upon which plaintiff's claims are based was done more than one year before the commencement of this action,
notwithstanding when plaintiff demanded payment for the work. Accordingly, plaintiff's claims are time-barred pursuant to Education Law § 3813(2-b).
We have considered plaintiff's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 29, 2020