Cedar Dev. E., LLC v Board of Educ. of the Onteora Cent. Sch. Dist. (2024 NY Slip Op 03850)

Cedar Dev. E., LLC v Board of Educ. of the Onteora Cent. Sch. Dist.

2024 NY Slip Op 03850

Decided on July 18, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 18, 2024

535548
[*1]Cedar Development East, LLC, Appellant,
v
Board of Education of the Onteora Central School District, Respondent.

Calendar Date:June 5, 2024

Before:Pritzker, J.P., Lynch, Ceresia, Fisher and Mackey, JJ.

James Bacon, New Paltz, for appellant.
Thomas, Drohan, Waxman, Petigrow & Mayle, LLP, Hopewell Junction (Steven L. Banks of counsel), for respondent.

Fisher, J.
(1) Appeals (a) from an order of the Supreme Court (Richard Mott, J.), entered May 27, 2022 in Ulster County, which granted defendant's motion to dismiss the complaint, and (b) from an order of said court, entered May 23, 2023 in Ulster County, which denied plaintiff's motion to file a late notice of claim, and (2) motion to strike portions of plaintiff's reply brief.
In February 2017, plaintiff entered into a contract with defendant to purchase certain buildings, fixtures and real property associated with the former West Hurley Elementary School, located in the Town of Hurley, Ulster County.[FN1] The contract specified that plaintiff would take the property "as is," that defendant believed the property was in full compliance with all permits related to "health, safety, sanitation, pollution and protection of the environment," but that defendant was required to "cure or pay any violations of law or municipal ordinances, orders or requirements noted in or issued by any government department having authority as to lands, housing, buildings, fire, health and labor conditions affecting the [property] as of the date of closing," unless doing so would cost more than $35,000. Plaintiff was also required to make certain periodic due diligence payments to defendant while taking the necessary steps to complete the sale.
As relevant here, part of the property included a septic treatment system that the Department of Environmental Conservation (hereinafter DEC) had authorized to operate indefinitely pursuant to a State Pollutant Discharge Elimination System (hereinafter SPDES) permit, which defendant believed it had validly maintained and operated since 1986. However, a site inspection performed by DEC in October 2019 revealed that the permit only allowed for the operation of a groundwater drainage system, not the surface discharge system that defendant mistakenly believed it was authorized to operate, and therefore DEC determined that a new application was required. Upon learning of DEC's determination in December 2019, plaintiff contended that defendant's actions related to the SPDES permit had interfered with the "essential elements of [the] contract" and demanded that defendant take immediate corrective action or plaintiff would suspend due diligence payments and seek other legal remedies, including canceling the contract and seeking damages. Thereafter, beginning in March 2020, plaintiff refused to remit certain contractually-mandated due diligence payments to defendant, prompting defendant to assert in an August 2020 letter that plaintiff was in breach of the contract. Plaintiff's counsel responded in September 2020, rejecting defendant's contention that plaintiff was in breach and countering that defendant was in breach of a particular provision of the contract, and advising that "we are moving forward accordingly." Plaintiff commenced an action against several nonparties, including members of the town board and planning board who allegedly took certain [*2]actions involving the property. In July 2021, after confirming with DEC that defendant had not submitted any materials in furtherance of the SPDES permit, plaintiff again wrote to defendant and contended that defendant was obligated under the contract to obtain a valid SPDES permit. Defendant rejected plaintiff's interpretation of the contract and reiterated that it was not obligated to obtain a valid permit.
Plaintiff commenced this action in November 2021 and amended its complaint to seek, among other things, damages arising from breach of contract and specific performance. Relevantly, plaintiff alleged that, since December 2019, defendant had "failed and refused, and continues to fail and refuse, to take any further steps to obtain a valid and subsisting SPDES permit." Defendant moved pre-answer to dismiss the complaint on several grounds, including that plaintiff had failed to serve a notice of claim within 90 days of accrual and that the action was barred by the applicable statute of limitations, which plaintiff opposed. Supreme Court granted defendant's motion and dismissed the complaint, finding that plaintiff failed to comply with the notice of claim requirements of Education Law § 3813. Thereafter, in July 2022, plaintiff served a notice of claim contending that the claim accrued in April 2022 when, for the first time, DEC acknowledged to plaintiff that there was no valid SPDES permit allowing surface water discharge. Plaintiff then moved for leave to file a late notice of claim in September 2022, which was opposed by defendant and denied by Supreme Court. Plaintiff appeals from both orders.
Initially, defendant moves to strike portions of plaintiff's reply brief on the grounds that it contains matters that are outside the scope of the record and were not previously raised. Specifically, defendant contends that plaintiff's argument that it commenced this action in order to vindicate a public right — namely, through enforcement of the Federal Clean Water Act (33 USC § 1251 et seq.) and ECL 17-0803 — was impermissibly raised for the first time on appeal and in a reply brief. Although plaintiff contends that this action is based on defendant's failure to acquire a valid SPDES permit, as required by the aforementioned statutes, the basis of plaintiff's reply brief argument is that it seeks to vindicate a public right — a possible exception to the notice of claim requirement of the Education Law (see Matter of Mary's Bus Serv. v Rondout Val. Cent. School Dist., 238 AD2d 829, 830-831 [3d Dept 1997]). However, this argument was not made before Supreme Court and, even if it had been, it was impermissibly raised for the first time on appeal in plaintiff's reply brief (see Matter of Colihan v State of New York, 211 AD3d 1432,1435 [3d Dept 2022]; see generally Reed v New York State Elec. & Gas Corp., 183 AD3d 1207,1209 [3d Dept 2020]). Accordingly, this new argument is not properly before us, and defendant's motion to strike those portions of the [*3]reply brief is granted (see Matter of Jorling v Adirondack Park Agency, 214 AD3d 98, 101-102 [3d Dept 2023]).
Turning to the merits, "Education Law § 3813 (1) provides that no action shall survive against a school district unless a written verified claim upon which such action is founded was presented to the governing body of said district or school within three months after the accrual of such claim" (Tompkins-Seneca-Tioga Schools Health Ins. Coop. v Candor Cent. School Dist., 44 AD3d 1236, 1237 [3d Dept 2007] [internal quotation marks and ellipsis omitted], lv dismissed 10 NY3d 733 [2008]; see Matter of Amorosi v South Colonie Ind. Cent. School Dist., 9 NY3d 367, 370 [2007]). Although a court has the discretion to extend the time to serve a late notice of claim based on several factors, including whether the school district or its attorney had actual knowledge of the essential facts constituting the claim or whether a plaintiff had justifiably relied upon settlement representations, "[t]he extension shall not exceed the time limited for the commencement of an action" (Education Law § 3813 [2-a]; see Matter of Coney Is. Preparatory Pub. Charter Sch. v New York State Educ. Dept., 224 AD3d 1203, 1207 [3d Dept 2024]). Under Education Law § 3813 (2-b), no action shall be commenced against a school district more than one year after the cause of action accrued(see Lilley v Greene Cent. Sch. Dist., 187 AD3d 1384, 1391 [3d Dept 2020]; Kyer v Ravena-Coeymans-Selkirk Cent. Sch. Dist., 144 AD3d 1260, 1261 [3d Dept 2016]). As relevant here, "[a] cause of action accrues and the statute of limitations begins to run in contract actions from the time of the breach" (Kingsley Arms, Inc. v Copake-Taconic Hills Cent. School Dist., 9 AD3d 696, 698 [3d Dept 2004] [internal quotation marks and citation omitted], lv dismissed 3 NY3d 767 [2004]).
Here, it is undisputed that plaintiff did not serve a notice of claim before it commenced this action in November 2021. Plaintiff asserts, instead, that it was not required to serve a notice of claim because it only sought equitable relief(see Matter of McGovern v Mount Pleasant Cent. Sch. Dist., 114 AD3d 795, 795 [2d Dept 2014], affd 25 NY3d 1051 [2015]). However, this assertion is belied by plaintiff's amended complaint, which sought, among other things, rescission of the contract, specific performance and breach of contract, as well as monetary damages for unjust enrichment and fraudulent inducement. Since plaintiff clearly sought monetary damages and mixed forms of legal and equitable relief, compliance with the notice of claim requirement was necessary to maintain an action against defendant (see Seifullah v City of New York, 161 AD3d 1206, 1206 [2d Dept 2018]; Matter of Idolor v Board of Coop. Educ. Servs. of Nassau County, 134 AD3d 938, 938 [2d Dept 2015]). Although plaintiff contends that its July 2021 correspondence to defendant's counsel should be deemed as substantial compliance with Education Law § 3813's notice [*4]of claim requirement (see Tompkins-Seneca-Tioga Schools Health Ins. Coop. v Candor Cent. School Dist., 44 AD3d at 1238), plaintiff also contended in opposition to the motion that defendant's response letter — dated a week later — is what constituted defendant's breach of the contract for the purposes of accrual. Assuming without deciding that plaintiff's correspondence was presented to defendant within three months of the accrual of plaintiff's claim (see Education Law § 3813 [1]), such correspondence simply reiterated plaintiff's position that defendant was contractually obligated to resolve the SPDES permit issue, and therefore failed to afford sufficient notice to defendant as required by the statute (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 547 [1983]; compare Matter of Cummings v Board of Educ. of Sharon Springs Cent. School Dist., 60 AD3d 1138, 1139 [3d Dept 2009]; Tompkins-Seneca-Tioga Schools Health Ins. Coop. v Candor Cent. School Dist., 44 AD3d at 1238). Accordingly, Supreme Court properly dismissed the complaint due to plaintiff's failure to comply with the notice of claim requirement contained within the Education Law.
Finally, "[w]hile trial courts have broad discretion in determining the outcome of a movant's application to serve a late notice of claim" (Sherb v Monticello Cent. Sch. Dist., 163 AD3d 1130, 1132 [3d Dept 2018]), here, plaintiff did not move for leave until September 2022, which was more than one year after it represented to Supreme Court that its claim had accrued; thus, plaintiff's motion was, by its own admission, untimely (see Education Law § 3813 [2-b]). Moreover, the amended complaint alleged that the claim accrued in December 2019, when defendant had "failed and refused" to obtain the SPDES permit. Indeed, the record reveals that plaintiff contended that such failure was an interference with the "essential elements of [the] contract," and threatened to — and subsequently did — refuse to remit any further due diligence payments to defendant. By September 2020, both parties had asserted that the other had breached the contract over the SPDES permit issue, whereas plaintiff's counsel advised that plaintiff was "moving forward accordingly," and subsequently commenced an action against nonparties from the Town of Hurley. From that point on, even though defendant had assisted plaintiff with other efforts to effectuate the sale, defendant refused to assist with the SPDES permit application, insisting that this was not its obligation under the contract.[FN2] Consequently, based on the documentary evidence before us demonstrating that plaintiff's damages were clearly ascertainable by September 2020 — when both parties had asserted that the other breached the contract and the facts that serve as the basis for plaintiff's claim occurred — Supreme Court properly determined that it did not have jurisdiction to extend the time period to file a late notice of claim (see Education Law § 3813 [2-a], [2-b[*5]]; Matter of Amorosi v South Colonie Ind. Cent. School Dist., 9 NY3d at 370-371; Kingsley Arms, Inc. v Copake-Taconic Hills Cent. School Dist., 9 AD3d at 698). We have considered the remaining contentions of the parties and have found them to be either without merit or academic.
Pritzker, J.P., Lynch, Ceresia and Mackey, JJ., concur.
ORDERED that the motion is granted, with costs.
ORDERED that the orders are affirmed, with costs.

Footnotes

Footnote 1: The original contract had been entered into by one of the individual founders of plaintiff, and subsequently assigned to plaintiff through an amendment in December 2018.

Footnote 2: Although there was another exchange between the parties in July 2021 over this issue, neither party's position relating to the SPDES permit issue had changed from their original position in September 2020.